[L. A. No. 1310.    Department One.—January 21, 1905.]

# CHARLES F. DAVIS, Respondent, v. DIAMOND CARRIAGE AND LIVERY COMPANY, Appellant.

MASTER AND SERVANT—DUTY OF MASTER—SAFE PLACE TO WORK—RIGHTS OF SERVANT—WARNING OF DANGER FROM HIDDEN DEFECTS.—It is the duty of the master to furnish the servant with a safe place to work, and to use reasonable care to see that any object is safe to work upon or with before he directs the servant to perform labor upon it. The servant has the right to presume that the master will perform his duty, and will not set him at work upon objects that contain hidden defects without warning him of the danger.

ID.—WASHING OF WINDOW—INJURY FROM INSECURE FASTENING—NEGLIGENCE—QUESTIONS FOR JURY.—Where the plaintiff was employed by the defendant to wash the windows in defendant's livery stable from the inside, and was injured severely by the breaking of a window-pane, which was whitewashed and was insecurely fastened in the frame with zinc points instead of putty on the outside, which was discernible from the outside of the building, it was within the province of the jury to determine whether the injury was the result of the want of ordinary care on the part of the defendant, or whether it occurred in a way and from a cause that could not have been reasonably anticipated by the defendant, or whether the plaintiff was also negligent.

ID.—PRESUMPTION IN FAVOR OF VERDICT.—Where, if the jury believed the version of the accident given by the plaintiff, they were warranted in finding that he was not negligent, this court must presume in favor of the verdict in his favor that they took his statement as true.

ID.—EFFECT OF RECEIPT IN FULL—FINDING AGAINST DEFENDANT.—The jury and the trial court were warranted in finding that a receipt in full of all demands given by the plaintiff to the defendant did not cover the damages claimed when the plaintiff testified that the receipt was for wages and for ten dollars which defendant proposed to pay on the doctor's bill of plaintiff, which exactly covered the amount of the receipt.

ID.—REQUESTED INSTRUCTIONS COVERED BY CHARGE.—The court did not err in giving instructions requested by the defendant upon subjects fully covered by the instructions given by the court.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. E. S. Torrance, Judge.

The facts are stated in the opinion.

Hendricks & Wright, and James E. Wadham, for Appellant.

Luce & Sloane, for Respondent.

GRAY, C.—Suit for damages for personal injuries. Plaintiff had a verdict and judgment for five hundred dollars. The defendant appeals from the judgment and from an order denying it a new trial.

The plaintiff was employed by defendant and directed to wash windows in defendant's livery stable. He placed a chair at the window inside the harness-room and standing thereon he proceeded to wash the window, and, as he puts it, "at the very first pass" one corner of a pane of glass broke out letting his hand through and cutting it so severely at the wrist as to permanently cripple it. It appears that the window-pane was whitewashed and was insecurely fastened 'in the frame. The glass was fastened with zinc points instead of putty. These points still remained at the bottom of the .pane, and to some extent on the sides, but at the top, and particularly at the upper part of the side about the corner that gave way while being washed, there were no points to hold the glass to the sash, and under the pressure applied the corner broke out. The plaintiff testified that he had washed windows before, and in this instance applied the same pressure "as I would on any other window washing it." He also testified: "When I commenced to wash those windows I could not see how the glass was fastened or whether it was fastened in at all or not, but supposed it was properly fastened in. The glass was fastened in the sash from the outside of the building and I was on the inside." The evidence further showed that it was usual to fasten glass in windows with points and putty all round the glass, thus securing the entire outer edge of the pane to the sash, and when thus secured it would resist much more force without breaking than when insecurely fastened as in the present case. It also appeared that the insecure fastening of the panes was discernible from the outside of the building if a person would take the trouble to look at it. We think it was within the province of the jury to say on this evidence whether the injury to plaintiff was the result of want of ordinary care on the part of the defendant. It is the duty of the master to furnish the servant with a safe place to work, and he must use reasonable care to see that any

object is safe to work upon or with before he directs the servant to perform labor upon it. The servant has the right to presume that the master will perform his duty, and will not set him at work upon objects that contain hidden defects which make them unsafe to work upon, without warning him of the danger. It is urged that this injury occurred in a way and from a cause that could not have been reasonably anticipated by defendant. That was also a question for the jury. We cannot say, as a matter of law, that the defendant has exercised ordinary care to prevent injury to its servants when there is evidence tending to show that an examination of this window from the outside would have disclosed its dilapidated and dangerous condition. That it was dangerous the result shows; and we think, as the jury seem to have thought, that the danger might have been discovered by the men in charge of the stable by the exercise of ordinary care, and that it was negligence not to exercise such ordinary care. Whether the plaintiff was also negligent was again a question for the jury. If they believed his version of the matter they were warranted in finding that he was not negligent, and we must presume in support of the verdict that they took his statement as true. We think the jury and the trial court were fully warranted in finding against defendant on its contention, based upon a "receipt in full of all demands," that the damages here sought to be recovered had been settled and paid for by defendant. The written receipt did not discharge the indebtedness unless it was so intended at the time it was made. Plaintiff testified that the receipt was for his wages, and the amount which was paid at the time of making the receipt exactly covers his wages and the ten dollars defendant proposed to pay on the doctor's bill. The plaintiff's testimony looks reasonable, and the jury were warranted in acting upon it. The same considerations which lead us to uphold the action of the trial court in refusing to set aside the verdict for insufficiency of evidence lead also to the conclusion that the denial of the motion for a nonsuit was warranted by the evidence.

Appellant complains of the refusal of the court to give certain instructions regarding contributory negligence, and as to the degree of care required of defendant, and also as to the effect of a receipt and the burden of proof in relation

thereto. All these subjects are fully covered by the instructions which were given, and the rules of law concerning all those matters were fully and fairly stated to the jury.

We see no error in any action of the trial court, and advise that the judgment and order appealed from be affirmed.

Harrison, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Van Dyke, J., Angellotti, J., Shaw, J.