[Civ. No. 2868.    Second Appellate District, Division Two.—January 29, 1919.]

## ALBERT J. BAIRD, an Incompetent, etc., Appellant, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Respondent.

RELEASES—EVIDENCE—PAYMENT — PRESUMPTION.—Where plaintiff admits the genuineness and due execution of releases set up as a defense in an answer, by failing to file the affidavit required by section 448 of the Code of Civil Procedure, he has the burden of rebutting the presumption of full payment and satisfaction of his demands raised by the releases.

ID.—DEFENSES—ESTOPPEL.—In such case the plaintiff is not estopped from attacking the releases by any valid defenses other than such as involve their genuineness or due execution.

ID.—NEW MATTER—PLEADING.—Under our system of pleading, by the provisions of section 462 of the Code of Civil Procedure, the plaintiff could controvert such releases by evidence of fraud, mistake, undue influence, compromise, payment, estoppel, mental incompetency and like defenses, without further pleading.

ID.—EVIDENCE—TENDER.—Where a defendant sets up a release by plaintiff as a defense to an action, the plaintiff cannot be required to tender or repay the consideration received by him for such release as a condition of being permitted to introduce evidence to avoid it.

JURY TRIAL—ACTION FOR DAMAGES—PERSONAL INJURIES.—In an action for damages for personal injuries sustained by being ejected from a street-car, section 592 of the Code of Civil Procedure gives the plaintiff primarily the right to a jury trial.

ID.—LEGAL AND EQUITABLE DEFENSES.—In such action an answer denying liability and setting up a contract of payment and release is purely a legal defense, and the injection of an equitable issue by evidence to avoid the affirmative defense would not deprive the plaintiff of his right to a trial by jury of the legal issues raised by the pleadings.

APPEAL from a judgment of the Superior Court of Los Angeles County.    Lewis R. Works, Judge.    Reversed.

The facts are stated in the opinion of the court.

E. B. Drake for Appellant.

E. E. Morris, Frank Karr, R. C. Gortner and A. W. Ashburn for Respondent.

SLOANE, J.—The plaintiff appeals from a judgment that he take nothing by his action, and for costs in favor of defendant. The action is upon a complaint which states a cause of action for damages alleged to have resulted from a wrongful and forcible ejectment of plaintiff by defendant from its electric railway car. The answer denies the liability of defendant for damages, pleads contributory negligence of plaintiff, and sets up as an affirmative defense a settlement with plaintiff for all alleged damages, as shown by three separate agreements and releases, signed by the plaintiff and set out in full in the answer. Either of these releases is a complete defense to plaintiff's demand, if permitted to stand unimpeached. The plaintiff at no time filed the affidavit provided for by section 448 of the Code of Civil Procedure, and is held to have confessed the genuineness and due execution of these releases. No other averments or admissions by plaintiff as to the execution or binding effect of these releases appear in the record.

Prior to the date of trial the plaintiff demanded a jury, which demand was by the court denied, on the ground that the issues made and presented by the pleadings were not cognizable before a jury, and presented equitable issues alone. Upon the calling of the case for trial, a witness for the plaintiff was sworn and called to the stand; but thereupon defendant's counsel objected to the introduction of any evidence for plaintiff, on the ground that it appeared from the pleadings that said plaintiff had no cause of action against defendant, and upon the failure of plaintiff to make a tender of the sums of money admitted in open court to have been received from defendant at the time of the execution and delivery of the three releases pleaded in the answer, after an adjournment from 11:30 A. M. until 2 o'clock P. M., granted to enable plaintiff to make such tender, and the court having refused further time to procure the money for such tender, the court sustained defendant's objection to the introduction of evidence, and gave judgment for the defendant. The plaintiff alleges error of the trial court in refusing him a jury trial, and in denying the admission of any evidence for plaintiff.

We will consider first plaintiff's right to introduce evidence, as it will be immaterial whether he had a jury or not, if he could not offer his evidence. It is clear that under the

39 Cal. App.—33

state of the pleadings at the time the trial was called, the burden was upon plaintiff to rebut the presumption of full payment and satisfaction of his demands, raised by the releases set forth in defendant's answer, the due execution and genuineness of which were admitted by failure to file the affidavit provided by section 448 of the Code of Civil Procedure. It is equally clear that he was not estopped from attacking these releases by any valid defense, other than such as involved the genuineness or due execution thereof. He could controvert them by evidence of fraud, mistake, undue influence, compromise, payment, estoppel, mental incompetency and like defenses. (*Moore* v. *Copp,* 119 Cal. 432, [51 Pac. 630].) As has been stated, there is nothing in the pleadings to indicate what, if any, defense the plaintiff might have interposed to the admitted execution of these releases set forth in the answer. Under our system of pleading no such showing is required. The provision of section 462 of the Code of Civil Procedure that "the statement of any new matter in the answer, in avoidance or constituting a defense or counterclaim, must, on the trial, be deemed controverted by the opposite party," entitles the plaintiff to introduce, without further pleading, evidence to sustain any legitimate defense to the new matter in the answer. (*Brooks* v. *Johnson,* 122 Cal. 569, [55 Pac. 423].) In this particular case the court seems to have assumed that the plaintiff was relying upon some defense which he could not be permitted to maintain without first tendering back to the defendant the money he had received in consideration of the settlement agreements. We find nothing in the record to justify such assumption. It may perhaps be inferred that mental incompetency on the part of the plaintiff would be the defense. The action here was brought for plaintiff through a guardian *ad litem;* the complaint alleges that by reason of injury to his skull, in his expulsion from the car, his brain and mind were permanently injured; the bill of exceptions, in stating the ground of defendant's objection to a jury trial, puts it on the ground that the action under the pleadings has become essentially an action to avoid said releases upon the ground of mental incompetency. But conceding that these facts committed the plaintiff to the defense of mental incompetency, there is nothing whatever to indicate whether he would rely upon a partial or total incompetency. If his evidence would have dis-

closed a total incompetency to enter into a settlement, and a continuing and permanent disability in that respect, these releases became mere "scraps of paper" (Civ. Code, sec. 38) ; and it is well settled that no obligation to repay money advanced on the settlement as a condition of controverting the agreements would exist. Or, even if the disability was only partial and temporary, and it should be shown in evidence that the settlement was obtained by fraud and deceit as to the contents of the agreements and their legal effect; or, again, if a state of facts existed where, in his weakened mental state, the plaintiff was induced by fraudulent representations to sign these releases, in the belief that he was being paid so much on account, he could not be required to tender back the payments as a condition of offering evidence to defeat the agreed settlement. (*Meyer* v. *Hass,* 126 Cal. 562, [58 Pac. 1042] ; *St. Louis etc. Ry. Co.* v. *Brown,* 73 Ark. 42, [3 Ann. Cas. 573, 83 S. W. 332] ; *Mullen* v. *Old Colony Ry. Co.,* 127 Mass. 86, [34 Am. Rep. 349].)

Other similar conditions, consistent with the facts shown in this record, might be shown in evidence to exist, but it is unnecessary to multiply illustrations. It is sufficient if any single line of attack upon these releases was open to the plaintiff, which he might have pleaded where circumstances required it. He was entitled to the presumption that he had evidence to offer in that behalf. It is quite probable that he might have been required by the court, as a condition of being allowed to introduce evidence, to state what he expected to prove, and to show that he was relying upon a state of facts that would excuse a tender back of the money received, but nothing of the kind was demanded of or volunteered by him, so far as the record shows. Under the circumstances it was error for the court to deny plaintiff the privilege of introducing evidence.

We also think plaintiff was entitled to a jury trial on the issues presented by the record. His complaint was to recover damages for injuries. Section 592 of the Code of Civil Procedure primarily gave him the right to a jury trial. The answer denied the facts pleaded to show liability, and set up a contract of payment and release, a purely legal defense. The nature of the plaintiff's attack upon the validity and binding effect of the releases was not disclosed. It might be purely a denial of the validity of the settlement because of

fraud or mental incapacity to contract, which would have raised only an issue of fact for the jury. The assumption that he would seek the aid of equity in rescinding the contracts as being merely voidable finds no support in the record. And in any event, so long as the original issues in the case remained unchanged, under the allegations of the complaint and the denials of liability in the answer, it does not follow that the mere injection of an equitable issue into the case by evidence, to avoid an affirmative defense, would deprive the plaintiff of his right to a trial by jury of the legal issues raised by the pleadings. In the event that the decision of the equitable question permitted him to present the issues of his complaint, they would still have to be tried under the denials of the answer, and he would have a right to a hearing of these by a jury. If the defendant, by its answer, had admitted its liability for the damages sued for, and pleaded only the settlement, and the only issue remaining had been for equitable relief against the releases, a different question would be presented. But as it appears from the record, no equitable issue has been presented to the court.

Judgment reversed and cause remanded.

Finlayson, P. J., and Thomas, J., concurred.

'A' petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 27, 1919.

All the Justices concurred.