[Civ. No. 2130. Second Appellate District, Division One.—June 16, 1919.]

SANTO FATTA et al., Respondents, v. JOSEPH C. CATALANO, Appellant.

[1] ACTION IN QUANTUM MERUIT—CONFLICTING EVIDENCE—VERDICT. In an action in *quantum meruit* to recover a balance for work and labor performed in constructing a house, if there is a substantial conflict of evidence touching the facts in dispute, the verdict of the jury and order of the trial court denying a motion for a new trial must be deemed conclusive.

[2] ID.—ACCOUNT STATED—INDEBTEDNESS TO DEFENDANT—CONSTRUCTION OF FINDINGS.—In such action, the defendant having alleged an account stated between himself and the plaintiffs after the house was completed, the fact that the jury found in favor of the defendant upon a note made to him by one of the plaintiffs cannot be construed as a finding that there was an account stated between him and plaintiffs growing out of the transaction under which the house was constructed.

[3] ID.—AGREEMENT TO DIVIDE PROFITS—REPUDIATION—REMEDY.— Where the defendant had agreed to pay plaintiffs a given sum in cash for constructing the house, which he was to sell, and, after deducting the cost thereof, to divide the profits between plaintiffs and himself, but subsequently repudiated such agreement, the plaintiffs were entitled to sue defendant for the reasonable value of the services performed.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edward R. Milliken, N. P. Moerdyke and Robert W. McDonald for Appellant.

Bennett, Turnbull & Thompson for Respondents.

SHAW, J.—In this action plaintiffs sued in *quantum meruit* to recover from defendant a balance for work and labor performed in constructing a house for him at his special instance and request. Defendant answered, denying the allegations of the complaint and, by cross-complaint,

alleged that after the house was completed there had been
an account stated between himself and plaintiffs, wherein it
was agreed that plaintiffs were indebted to him in' the sum
of four hundred dollars, all of which allegations were de-
nied by plaintiffs, who, however, admitted that Angelo
Fatta, one of the plaintiffs, was indebted to defendant in
the sum of four hundred dollars, for which defendant held
the note of Angelo and a pledge of certain personal prop-
erty deposited as security for the payment thereof.

The issues were tried by jury, which rendered a verdict
in favor of plaintiffs for $350, and in favor of defendant
and against Angelo Fatta for four hundred dollars, from
the whole of which judgment, and an order denying his
motion for a new trial, defendant appeals.

As one ground for reversal the insufficiency of the evi-
dence to justify the verdict is urged. The evidence is
sharply conflicting, and while appellant concedes that
plaintiffs' testimony clearly tended to establish the issues
found in their favor by the jury, his counsel insist that
their testimony is unworthy of credence because of the in-
consistencies therein, and, moreover, they were contradicted
"by at least six unbiased witnesses." [1] At most, the
record discloses a substantial conflict of evidence touching
the facts in dispute, as to which the verdict of the jury
and order of court denying defendant's motion for a new
trial must be deemed conclusive.

Appellant next contends that where there is an account
stated, it is a bar to an action upon the original items
thereof. The jury, however, by its verdict found against
defendant upon this issue. [2] The fact that it found
in favor of defendant upon the note made to him by Angelo
Fatta cannot be construed as a finding that there was an
account stated between defendant and plaintiffs growing out
of the transaction under which the house was constructed.

In the course of the trial, though the question was not
an issue, it was made to appear from plaintiffs' testimony,
in respect to which our attention is called to no objection
interposed thereto, that it was agreed defendant should pay
plaintiffs $450 in cash for constructing the house, which
he was to sell and, after deducting the cost thereof, the
profits were to be equally divided between plaintiffs and
defendant; that defendant repudiated this contract, the

making of which on the trial he denied, and testified that plaintiffs were, for their work and labor, to receive $450, which sum he had paid to them. The court instructed the jury that if they believed that such contract was entered into between the parties, nevertheless if they found from the evidence that defendant had repudiated the contract and refused to carry out the same, plaintiffs were entitled to recover the reasonable value of the services rendered. If the jury believed plaintiffs' testimony, the effect of the verdict was an implied finding that the contract so made between the parties had been repudiated by defendant, who refused to abide thereby. [3] Under these circumstances plaintiffs were entitled to sue for the reasonable value of the services performed; and conceding that they should have declared upon the original agreement, alleging the repudiation thereof by defendant (*Castagnino* v. *Balletta,* 82 Cal. 250, [23 Pac. 127]), nevertheless evidence touching the same appears to have been introduced without objection, upon the theory that it, as well as the value of the services and the agreement as to a stated account, alleged by defendant to have been had, was an issue to be tried. In no event was defendant prejudiced by reason of the court's action.

The record shows the case to have been tried as presented by the parties to the action; that in constructing the house plaintiffs performed work and labor thereon of the reasonable value of eight hundred dollars, upon which they were paid $450, leaving a balance due plaintiffs of $350, for which they were given judgment and to which they were entitled, since there was, as found by the jury upon sufficient evidence, no account stated as alleged by defendant. Angelo Fatta individually was indebted to defendant, as evidenced by his note, in the sum of four hundred dollars, for which cross-complainant was given judgment against the maker of the note. Upon the facts we are unable to perceive that any miscarriage of justice resulted from any alleged technical error complained of. The record presented discloses no error in the ruling of the court in taxing and distributing the cost of the trial.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.