[Civ. No. 4701.   First Appellate District, Division One.—September 17, 1924.]

LUBECK'S INVESTMENT CO. (a Corporation), Plaintiff, Cross-defendant and Respondent, v. C. D. VORIS, Defendant and Respondent; T. G. FAVER, Defendant, Cross-complainant and Appellant.

[1] SALES—CONTRACT FOR SALE OF BUSINESS—RESCISSION BY MUTUAL CONSENT—BROKER AGENT OF SELLER—MONEYS PAID ON ACCOUNT OF PURCHASE PRICE—TITLE TO.—Where the owner of a business agreed to pay a broker a commission for negotiating a sale thereof, and the contract procured by such broker for the sale of said business was by mutual consent of the seller and buyer rescinded and canceled, the broker had no right to retain his commission out of money paid by the buyer on account of the purchase price of said business, nor had the seller any right to the balance of said money.

[2] ID.—PAYMENTS ON ACCOUNT OF PURCHASE PRICE—MONEY HAD AND RECEIVED—RESCISSION—EVIDENCE.—Where such buyer sought recovery of the money paid on account of the purchase price of the business in question under a common count for money had and received, evidence upon the question of rescission by mutual consent of buyer and seller of the contract of purchase was properly received.

[3] ID.—RESCISSION—MONEY HAD AND RECEIVED—RIGHT OF BUYER TO RETURN OF MONEYS.—The seller having voluntarily rescinded the contract of sale to which he was a party, he and his agent (the broker) had cast upon them a duty to repay money received thereunder, and upon failure to do so they were in the position of having money in their hands received for the use and benefit of another, which as such may be recovered under the common count for money had and received.

---

(1) 9 C. J., p. 587, sec. 84 (Anno.); 35 Cyc., p. 159.   (2) 35 Cyc., p. 610 (Anno.).   (3) 35 Cyc., pp. 159, 606 (Anno.).

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Reversed.

---

1. When broker has earned commission, notes, 28 Am. St. Rep. 546; 139 Am. St. Rep. 225. See, also, 4 Cal. Jur. 581, 596.
3. See 17 Cal. Jur. 614.

The facts are stated in the opinion of the court.

Geo. D. Collins, Jr., for Defendant, Cross-complainant and Appellant.

Reisner & Honey for Defendant and Respondent.

Cooley, Crowley & Lachmund for Plaintiff, Cross-defendant and Respondent.

TYLER, P. J.—Suit in interpleader.

Plaintiff Lubeck's Investment Company is a corporation engaged in selling occupational enterprises. It was employed by defendant Voris to find a purchaser for a certain barber-shop and cigar-stand owned by him at a net price of $1,250. Plaintiff was to receive as compensation for its services any excess over this sum which it might obtain for the business. In pursuance of this employment plaintiff submitted the proposition of the sale to defendant Faver, who agreed to purchase the same upon certain conditions. This agreement was reduced to writing. Under the terms thereof Voris agreed to sell and Faver agreed to purchase the property for the sum of $1,500. The material portions of the agreement are as follows:

"Lubeck's Investment Company, Inc.

"San Francisco, Cal., May 16, 1921.

"I, a purchaser, ready, willing and able to perform this agreement, hereby deposit with Lubeck's Investment Company, a corporation, the sum of $300.00, as part payment of the purchase price of that certain barber shop and cigar stand consisting of all fixtures and stock contained therein, as per inventory to be attached to bill of sale, together with the leasehold interest thereof, located at 252 Leavenworth street in the city and county of San Francisco, California, owned by C. D. Voris, and listed by said owner thereof with Lubeck's Investment Company as the agent for the sale thereof, and hereby agree to buy said property upon the following terms and conditions, to-wit: the full purchase price of said property to be $1,500.00, the sum of $950.00 cash to be paid on or before May 21st, 1921, and bill of sale subject to mort-

gage to be executed and delivered by said owner upon the following conditions:

"Balance of $550.00 due on above purchase price the undersigned purchaser agrees to assume the present mortgage on said business amounting to $550.00, payable at the rate of $50.00 per month, with interest at the rate of six per cent per annum.

"It is understood that the undersigned purchaser shall have the right to remain in and around said business until May 21st, 1921, in order to satisfy himself that the monthly net profits are approximately $300.00, and if from the receipts and disbursements the net profits are $300.00 a month the undersigned purchaser agrees to forthwith consummate said sale.

"It is expressly understood that this agreement contains all the conditions upon which I am to purchase the property, and no representations or conditions are to be considered at any time for any purpose which are not herein set forth."

The day following the execution of this agreement Faver paid the additional sum of $650 required under the agreement. This entire sum of $950 was deposited with plaintiff subject to the terms of the contract and to be kept by it covering the period necessary for a compliance with section 3440 of the Civil Code relating to the transfer of personal property. Two days later, and prior to the twenty-first day of May, 1921, within which time Faver was to conclude the transaction in the event that he had satisfied himself of the truth of the seller's representations as to the amount of the net profits of the business, Faver notified Voris that the receipts were not as represented and demanded the return of his money. Voris acquiesced in this demand, and the parties accordingly by mutual consent rescinded and canceled their contract. They then repaired to the office of plaintiff for the purpose of obtaining the sum of $950 deposited with it. Plaintiff demanded the sum of $250 for its services in having made the sale. The seller refused to comply with this demand, and the plaintiff later brought this action, and paid into the court the sum of $700, representing the amount received by it less the sum of $250, retained as a claimed commission.

Voris in his answer to this complaint in interpleader admitted certain of its allegations and denied others, and prayed judgment that he be entitled to receive the sum of $700. Faver also filed an answer in which he alleged that the amount deposited with plaintiff was the sum of $950 and not $700 as alleged in the complaint; and by way of cross-complaint against plaintiff and his codefendant Voris set up a common count for money had and received and prayed judgment against each of them for the sum of $950 and costs. This cross-complaint was met by denials on the part of plaintiff and Voris.

At the trial it appeared that a separate action had been brought by Faver against plaintiff herein for the recovery of the same amount claimed by him under his cross-complaint herein. With reference to this action it was stipulated at the trial that it might be dismissed, and that any objection to the form of pleading adopted by Faver under his cross-complaint in the instant action be waived, and that all the rights of the parties be determined under the present suit in interpleader.

Upon the conclusion of the evidence the trial court found the seller Voris to be the owner and entitled to the $700 deposited in court, and it further decreed that Faver, the purchaser, take nothing on account of said action.

Motion for a new trial was made and denied and defendant and cross-complainant appeals.

It is his contention that the uncontradicted evidence shows a rescission by mutual consent between Faver and Voris, and that therefore the findings are without support in the evidence.

[1] We see no escape from this contention. The evidence shows conclusively and without conflict that the seller and buyer rescinded the contract. Under these circumstances plaintiff had no right to its claimed commission as against Faver, nor had the seller any right to the balance of the money paid by the buyer. Plaintiff was the agent of the seller, and whatever commission was due was due alone from him. Under the express terms of the contract the buyer had a certain number of days to elect to make the purchase. He concluded he had been deceived and he demanded the return of his money. The seller agreed to this demand.

The effect of this agreement made the entire sum paid and held by plaintiff due and payable to the purchaser, and no part thereof could be properly withheld by plaintiff for consummating the sale. Plaintiff was the agent of Voris; and whatever right it may have acquired to a commission under the circumstances was one against the seller and not the purchaser, who was no party to the contract providing for a commission. The seller having rescinded his contract—which he had a right to do—and the buyer having acquiesced in such rescission, appellant was entitled to the fund in the hands of the broker. The latter was familiar with the terms of the contract and knew of its provisions permitting the purchaser to exercise a right of withdrawal in the event he concluded that the representations as to the receipts of the business were untrue. The seller and buyer having rescinded their contract by mutual consent, the money in the hands of the plaintiff belonged to the buyer, and plaintiff was entitled to no portion thereof.

[2]  Respondents urge in support of the judgment that the evidence upon the question of rescission was improperly admitted under the common count for money had and received, and that therefore no finding upon the question of rescission became necessary. We are cited to the case of *Swanston* v. *Clark*, 153 Cal. 303 [95 Pac. 1117], in support of this contention.

While the case cited contains some language which might justify this contention, it is plain from the authorities upon which it purports to be based that it was not intended thereby to hold that evidence of an agreement of rescission already arrived at, entailing a duty upon one of the parties thereto to pay back money he had received from the other, could not be offered under the common count for money had and received. The rule referred to applies to actions or defenses in which it is sought to have a court of equity decree a rescission, as is plainly apparent from the court's reference as authority to the article on Rescission, found in volume 18 of the Encyclopedia of Pleading and Practice, pages 802–804. The compiler of that article in the very first paragraph thereof specifically states that it is confined to suits in equity or actions of an equitable nature under the code for the rescission of contracts or the cancellation of

written instruments, and does not treat of the procedure in actions at law where the parties to contracts elect to rescind and to pursue their legal remedies based upon such rescission.

[3]  In the case at bar, Voris having voluntarily rescinded an agreement to which he was a party, he and his agent had cast upon them a duty to repay money received thereunder. Upon failure to do so they were in the position of having money in their hands received for the use and benefit of another, which as such may be recovered under the common count for money had and received (*Quimby* v. *Lyon,* 63 Cal. 394, 395; *Mahoney* v. *Standard Gas Engine Co.,* 187 Cal. 399, 405 [202 Pac. 146]).

Aside from this, however, the parties stipulated that upon dismissal of the action brought by Faver against plaintiff, heretofore referred to, the pleading adopted by Faver would be deemed sufficient for the purposes of the case.

We hold, therefore, that the evidence upon the question of a mutual rescission was properly received, and being uncontradicted, should have resulted in a finding in favor of defendant and cross-complainant Faver. From what we have said it follows that the judgment should be, and it is hereby, reversed.

Knight, J., and St. Sure, J., concurred.