[S. F. No. 12520. In Bank.—October 2, 1929.]

WALTER MAIRO, Appellant, v. YELLOW CAB COMPANY OF CALIFORNIA (a Corporation), Respondent.

Alfred J. Hennessy for Appellant.

Cooley, Crowley & Gallagher for Respondent.

PRESTON, J.—In this action for damages for personal injuries alleged to have been suffered by plaintiff through the negligence of defendant's taxicab driver, plaintiff appeals from a judgment that he take nothing. The principal question is as to the correctness of the action of the trial court in directing the jury, at the close of the evidence, to render the verdict for defendant upon which said judgment was entered.

■ The court may direct a verdict only when, disregarding conflicting evidence and giving plaintiff's evidence all the value to which it is legally entitled, indulging every legitimate inference which may be drawn therefrom, no evidence of sufficient substantiality to support a verdict in favor of plaintiff, if given, may be found. (*Estate of Caspar*, 172 Cal. 147 [155 Pac. 631]; *Perera* v. *Panama-Pacific Int. Exp. Co.*, 179 Cal. 63 [175 Pac. 454]; *California Packing Corp.* v. *Lopez*, 207 Cal. 600 [64 A. L. R. 1412, 279 Pac. 664].) ■ In this action, viewing the evidence in a light favorable to plaintiff, we find a substantial case is made by him and his witnesses and it is our opinion that the evidence, sharply conflicting, clearly warranted submission of the cause to the jury for their determination of the several issues of fact involved, as will appear from the following *résumé:*

On February 12, 1925, plaintiff, a Russian, illiterate, unable to read or even to wholly understand spoken English, while crossing Third Street, at about the middle of the block, between Folsom and Harrison, in San Francisco, was hit by a taxicab belonging to defendant. He sustained rather severe injuries, to wit, fractures of three ribs and the collar-bone; also puncture of the pleura and contusions and abrasions of the head, trunk and extremities. Because of his apparent need, he was cared for and rushed to the hospital by defendant, where he was confined for some six weeks and operated upon. He continued medical treatment for some time after his discharge therefrom.

There is evidence pointing to the conclusion that the operator of the taxicab was negligent in driving down the

center of the street at an excessive rate of speed. There is also testimony tending to support a finding of contributory negligence on the part of plaintiff in attempting to cross a busy street in the middle of the block without due heed for his safety. Obviously these are questions of fact for a jury.

Defendant introduced in evidence three separate instruments, one dated February 14, 1925, naming a consideration of $1 and medical and hospital care; one dated March 18, 1925, naming a consideration of $25, and the third March 20, 1925, naming a consideration of $14, each of which was signed by plaintiff and purported to release defendant from all liability which it might have incurred by reason of said accident. Defendant claims that out of sympathy for plaintiff in his poverty-stricken state, and despite the fact the injury resulted from his own contributory negligence, it gave him, as a charity, the hospital and medical care and sums stated, in return for which three valid releases were duly executed by plaintiff; that the documents were read slowly and distinctly to him and he thoroughly understood their purport at the time he signed them. There is evidence supporting this claim.

Plaintiff, on the contrary, contends, and his contention likewise has support in the evidence, that he did not at any time understand that he was executing a release of any kind; that he executed the first document upon the understanding and belief that it was a permit to operate upon him; that when he left the hospital he had no money and his clothes were hanging to him by dozens of pins; that the second instrument was represented to him as being merely a receipt for $25 with which he was to buy a new suit to replace the one ruined by the accident; and the third paper he likewise believed was merely a receipt for wages given to help him out until he could find work.

If the said three releases were obtained by taking advantage of plaintiff's ignorance and necessities and if their true character was misrepresented to him so that he did not know what he was really signing, they are, of course, void. But under the conflicting evidence here it is impossible to tell whether such was the fact. This also was an issue which should have gone to the jury and it was, therefore, erroneous for the trial court to direct said verdict for defendant. Much authority can be cited to sustain this ruling, but we

deem an extended discussion unnecessary. (See *Meyer* v. *Haas,* 126 Cal. 560 [58 Pac. 1042]; *Davis* v. *Diamond C. & L. Co.,* 146 Cal. 59 [79 Pac. 596]; *Smith* v. *Occidental etc. S. S. Co.,* 99 Cal. 462 [34 Pac. 84]; 22 Cal. Jur., sec. 18, p. 769.)

The judgment is reversed.

Richards, J., Seawell, J., Langdon, J., ·Curtis, J., and Waste, C. J., concurred.

Rehearing denied.

All the Justices present concurred.