[Civ. No. 6588. Second Appellate District, Division One.—June 18, 1931.]

AMY RAYNALE, Respondent, v. YELLOW CAB COMPANY (a Corporation) et al., Appellants.

Mimmo, Leighton & Heath and Mark A. Hall for Appellants.

Harry D. Parker for Respondent.

BISHOP, J., *pro tem.*—Admitting that its negligence caused the accident which resulted in injury to plaintiff, the defendant corporation seeks to escape the $3,000 judgment entered against it because of a $25 release which it secured from the plaintiff within an hour and a quarter after the accident. There is the expected conflict in the evidence, but the jury's acceptance of the plaintiff's version of the facts establishes them for the purposes of this appeal. Her testimony was that she had no more than returned home after the accident, when defendant's representatives called; she had just removed her coat and its presence in her hand led to conversation about its ruined condition; the sum of $25 was suggested by her as the extent of the damage

and they agreed to give her that sum to repair the coat; they pulled out a release and she signed it, understanding that it covered only the damages discussed; that she was in such agony that she could not and did not read the paper she signed, and was in a daze during and long after the five minutes her visitors were calling.

▮ These facts and the inferences which within reason could be drawn from them warranted the jury's special verdicts that the release was obtained through fraud and that at the time plaintiff signed it, she was not in a condition mentally and physically to understand the contents and meaning of the receipt. ▮ The fraud consisted not in positive misrepresentations, but in discussing one subject with plaintiff in her condition, then without explaining its effect, placing before her a release covering matters not discussed. Obtained under such conditions, the release goes no further than her understanding of its contents. It is not a case of a contract the terms of which are known, but voidable because induced by fraud. Rather it is no contract because the minds never met, or at most no contract beyond the boundaries of mutual intent. (*Smith* v. *Occidental etc. Steamship Co.,* (1893) 99 Cal. 462 [34 Pac. 84]; *Meyer* v. *Haas,* (1899) 126 Cal. 560 [58 Pac. 1042]; *Davis* v. *Diamond Carriage & Livery Co.,* (1905) 146 Cal. 59 [79 Pac. 596]; *Mairo* v. *Yellow Cab Co.,* (1929) 208 Cal. 350 [281 Pac. 66]; *Tyner* v. *Axt,* (1931) 113 Cal. App. 408 [298 Pac. 537].) ▮ In an action for damages not covered by the release as she understood it, plaintiff need not first offer to return the money received before she may be heard to deny the full effect of the release. (*Meyer* v. *Haas, supra; Baird* v. *Pacific Elec. Ry. Co.,* (1919) 39 Cal. App. 512 [179 Pac. 449]; *Tyner* v. *Axt, supra.*)

▮ We know of no service to be rendered anyone by a recital of the evidence which the jury found justified a verdict of $3,000. Suffice to say that that sum, in view of the testimony from plaintiff's lips, does not shock us (*Johnson* v. *Pearson,* (1929) 100 Cal. App. 503 [280 Pac. 394]), and it is not our credulity which is exposed to the strain of believing plaintiff rather than defendant's witnesses. Other points touched upon by defendant we have

considered, but find in none of them substance requiring a reversal or meriting discussion.

The judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 7, 1931, and a petition by appellants to have the cause heard in the Supreme Court after judgment in the District Court of Appeal, was denied by the Supreme Court on August 17, 1931.