[Civ. No. 13228.   Second Dist., Div. Two.   Apr. 9, 1942.]

WILLIAM L. SMITH, Respondent, v. C. C. RANDALL,
Appellant.

Arthur C. Fisher for Appellant.

Irvin C. Louis, Mildred Gilmore and Jessie Torrance for
Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover a judgment for money had and received, defendant appeals.

The facts so far as material here are:

Plaintiff filed a complaint reading as follows:

"Plaintiff complains and alleges:

"I

"That plaintiff and defendant are now and were at all times herein mentioned, residents of the County of Los Angeles, State of California.

"II

"That within 4 years last past, at and within the County of Los Angeles, State of California, under a written agreement, the defendant received the sum of Three Thousand ($3,000) Dollars, for the use and benefit of plaintiff. That demand has been made upon defendant for payment thereof but the same has not been paid nor any part thereof.

"WHEREFORE, Plaintiff prays judgment against defendant for the sum of Three Thousand ($3,000) Dollars together with interest at the rate of 7% per annum from the date same became due, and costs of suit and for such other and further relief as may seem proper."

Defendant objected to the introduction of any evidence on the ground that the complaint did not state facts sufficient to constitute a cause of action. This objection was overruled. The evidence discloses that defendant sold plaintiff 2500 shares of the capital stock of C. B. R. Mines Co., Ltd., a Nevada corporation, without first obtaining a permit from the Commissioner of Corporations of California so to do; and that the sale of said stock was for the purpose of financing the mining operations of the corporation. The transactions were evidenced by the following documents:

(a)                    "Feb. 9, 1937.

"Received of W. L. Smith $500.00 in full payment for 500 shares of my C. B. R. Mines Co., Ltd. stock, certificate for which will be delivered within ten days from date.

"(Signed)   C. C. RANDALL."

(b)                    "July 27, 1937.

"Received of W. L. Smith $1,600. cash, note for $213. payable on or before ninety days from date, which with

$187.16 stood by me on discounting of a certain Trust Deed sold by W. L. Smith, makes payment in full for 2000 shares of my C. B. R. Mines Co. Ltd. stock, certificate for which will be delivered upon return of W. E. Covey, Pres. to Los Angeles.

"C. C. Randall."

It is necessary for us to determine two questions which will be stated and answered hereunder seriatim:

*First: Did plaintiff's complaint state a cause of action?*
This question must be answered in the affirmative. The complaint is in the form of a common count for money had and received. The law is established by an unbroken line of decisions in this state that such a complaint states a cause of action and is not vulnerable either to

1) a general demurrer (*Kavanagh* v. *Wade,* 42 Cal. App. (2d) 92, 98 [108 P. (2d) 475]; *Doyle* v. *McPherson,* 36 Cal. App. (2d) 81, 83 [97 P. (2d) 249]), or

2) a special demurrer on the ground of uncertainty or unintelligibility (*Pike* v. *Zadig,* 171 Cal. 273, 276 [152 Pac. 923].)

It is likewise established that an objection to the introduction of any evidence on the ground that a complaint fails to state a cause of action is to be treated as in the nature of a general demurrer to the complaint, and the rules of law applicable to a general demurrer are applicable to an objection to the introduction of evidence on the ground that the complaint does not state a cause of action.

*Second: Under the facts disclosed in the instant case was defendant required to obtain a permit from the Corporation Commissioner of California before selling to plaintiff the shares of stock of the C. B. R. Mines Co., Ltd.?*
This question must be answered in the affirmative. While it is true that an individual who is a bona fide owner of securities may dispose of his own property for his own account when such sale is not made directly or indirectly for the benefit of the issuer or any underwriter of such security or for the direct or indirect promotion of any scheme or enterprise with the intent of violating or evading any provision of the Corporate Securities Act, without first obtaining a permit from the Commissioner of Corporations (Act 3814, sec. 2(c) 3, vol. 1, Deering's General Laws (1937) 1771 [Stats. 1917, p. 673, as amended]; *People* v. *Pace,* 73 Cal. App. 548, 551 [238 Pac. 1089]); it is likewise settled that,

if a vendor sells securities which he owns, which sale is made directly or indirectly for the benefit of the issuer of the security or any underwriter of the same or for the direct or indirect promotion of any scheme or enterprise with the intent of violating or evading the Corporate Securities Act, such sale is void, unless the vendor first obtains a permit from the Commissioner of Corporations of the State of California (Act 3814, sec. 2(c) 3, *supra*.)

In the instant case there is ample evidence to sustain a finding that defendant did not as a bona fide owner sell the stock of the C. B. R. Mines Co., Ltd. to plaintiff, but that the sale was in fact of stock of the corporation for the purpose of financing a mining venture.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.) J., concurred.