[Civ. No. 15835. Second Dist., Div. Three. Nov. 3, 1947.]

WILLIAM MOLAN MILLER, Appellant, v. VICTOR ANDREW McLAGLEN, Respondent.

A. Brigham Rose for Appellant.

Chase, Rotchford, Downen & Chase for Respondent.

VALLEE, J. pro tem.—Appeal by plaintiff from a judgment for defendant rendered upon the sustaining of an objection by defendant to the introduction of any evidence.

The complaint is in two counts: the first, a common count for money alleged to have been received by the defendant for the use of plaintiff; the second, a common count for money on account of goods sold and delivered by plaintiff to defendant. The answer to the first count admits the receipt of the money by defendant and denies the other allegations. The answer to the second count is a general denial. Defendant then pleads as a separate defense the making and execution by plaintiff and defendant of a number of written instruments. The purport of these instruments is that plaintiff offered to purchase from defendant real and personal property for a consideration of $32,250; the opening of two escrows, one with a title company with respect to the real property, and one with defendant's attorneys for the sale of the personal property and a liquor license, and an escrow agreement with respect thereto; a bill of sale of the personal property; the cancellation of the escrows and an agreement between the parties by which, in consideration of a cash payment and the transfer of a truck by plaintiff to defendant, defendant released plaintiff from all obligations to purchase. Plaintiff filed an affidavit in which he said, "That pursuant to Section 448 of the Code of Civil Procedure, he submits this affidavit denying the due execution and validity" of the instruments alleged in the answer. In the affidavit plaintiff went on to say that the documents were procured by fraud, misrepresentation and duress on the part of defendant.

The case came on for trial. After a jury was empaneled, the trial judge and counsel repaired to the judge's chambers, whereupon it was agreed that it could be assumed that

the first witness had been called. Counsel for defendant then objected to the introduction of any evidence upon the grounds that "there is no allegation (a) of a rescission; or (b) of restoration of consideration, and, therefore, there is no cause of action stated." After argument, which is not in the record, the motion was denied. Further argument and discussion, the nature of which does not appear, followed. Counsel for plaintiff then moved to amend the complaint to allege that plaintiff offered to restore anything he had received from the defendant. This motion was denied. Plaintiff then moved to amend the complaint to incorporate an allegation that plaintiff offered to do equity and to restore anything that he had received or could receive from the defendant. This motion was denied. Plaintiff then moved to amend the complaint to allege that prior to the commencement of the action plaintiff rescinded the transaction. This motion was denied. Proceedings were then resumed in open court and the court stated that he had indicated informally what he was going to do out of the presence of the jury and that he was now ready to proceed with the trial. Counsel for defendant then objected to the introduction of any evidence upon the ground that there was no allegation of a rescission either in the complaint or in any portion of the pleadings or of restoration or offer to restore the consideration and that, therefore, the complaint and all the pleadings failed to state a cause of action in behalf of plaintiff. Counsel for plaintiff then stated that the trial judge had indicated that the motion (objection) be made upon entering open court by counsel for defendant and that he, the trial judge, would grant the motion. The trial judge then stated, "The motion is granted; the case is dismissed." Thereafter, the court rendered judgment that plaintiff take nothing against the defendant and dismissed the action. The judgment recites that "the defendant having made an objection to the introduction of any evidence on the part of the plaintiff in support of his complaint on file herein on the ground that it appeared from the pleadings that said action was based upon a claimed act of fraud on the part of the defendant in procuring the contract under which the plaintiff parted with the property which is the subject matter of said action, and that prior to the bringing of said action the said plaintiff had never rescinded the said transaction, and had never offered to restore to defendant the matters obtained from him thereunder and

it nowhere appeared from any of the pleadings or papers on file herein that any such rescission or offer to restore had been alleged or claimed, and after argument thereon the Court sustained said objection.''

■ Each count of the complaint states a cause of action. Common counts are proper and well established forms of pleading in this state. (*Pike* v. *Zadig,* 171 Cal. 273, 276 [152 P. 923]; *Smith* v. *Randall,* 51 Cal.App.2d 195, 197 [124 P.2d 334].) ■ A pleading which is sufficient as a common count is not subject to a general demurrer. (*Pike* v. *Zadig, supra; Auckland* v. *Conlin,* 203 Cal. 776, 778 [265 P. 946].) This statement may not be true when a common count is joined with another count wherein all the facts upon which the plaintiff's demand is based are specifically pleaded. (*Orloff* v. *Metropolitan Trust Co.,* 17 Cal.2d 484, 489 [110 P.2d 396]; *Rose* v. *Ames,* 53 Cal.App.2d 583, 589 [128 P.2d 65]. *Contra: American LaFrance F. E. Co.* v. *Bagge,* 98 Cal. App. 291, 296 [276 P. 1066].) It may not apply where a public corporation is a defendant and the law requires the presentation of a claim to the governing body of the corporation prior to the institution of suit. (See *Union Bk. & Tr. Co.* v. *Los Angeles Co.,* 2 Cal.App.2d 600, 606 [38 P.2d 442].) ■ An objection to the introduction of any evidence on the ground that a complaint fails to state a cause of action is in the nature of a general demurrer to the complaint or a motion by a defendant for judgment on the pleadings. (*Redondo Improve. Co.* v. *Redondo Beach,* 3 Cal.App.2d 299, 302 [39 P.2d 438]; *Osborne* v. *Abels,* 30 Cal.App.2d 729, 730 [87 P.2d 404]; *Smith* v. *Randall, supra,* 51 Cal.App.2d 195, 197 [124 P.2d 334]; *Smith* v. *Beauchamp,* 71 Cal.App.2d 250, 251 [162 P.2d 662].) ■ An objection by a defendant to the introduction of any evidence may only be sustained where the complaint fails to state a cause of action, and that is the sole question presented to the court. (*Hibernia S. & L. Soc.* v. *Thornton,* 117 Cal. 481, 482 [49 P. 573]; *Union Flower Market Ltd.* v. *Southern California Flower Market, Inc.,* 10 Cal. 2d 671, 673 [76 P.2d 503]; *Rannard* v. *Lockheed Aircraft Corp.,* 26 Cal.2d 149, 151 [157 P.2d 1]; *Weisz* v. *McKee,* 31 Cal.App.2d 144, 147 [87 P.2d 379].) ■ Upon such an objection the allegations of the complaint must be accepted as true for the purposes of the objection. (*Seeger* v. *Odell,* 18 Cal.2d 409, 412 [115 P.2d 977, 136 A.L.R. 1291]; *Williams* v. *San Francisco,* 24 Cal.App.2d 630, 633 [76 P.2d

182].) ▉ Such an objection by a defendant will only lie where the admitted averments of the complaint justify a judgment for the defendant, i. e., where no material issue is joined which it is necessary to prove. (21 Cal.Jur. 234, § 163.) Nothing dehors the complaint may be considered. No defense set up in the answer may be considered. The truth of the allegations of the complaint must be assumed. If the complaint states a cause of action the objection must be overruled. (*Elmore* v. *Tingley*, 78 Cal.App. 460, 464 [248 P. 706]; *North Side etc. Assn.* v. *Hillside etc. Park*, 70 Cal.App.2d 609, 613 [161 P.2d 618].)

▉ The foregoing would seem conclusive that the trial court erred in sustaining the objection of defendant to the introduction of any evidence. The complaint stated two good causes of action. The court could not go outside of the complaint. The objection should have been overruled.

Respondent's contention in support of the judgment is that by reason of the insufficiency of the affidavit, appellant admitted the due execution and genuineness of the documents; that the trial court, therefore, had before it an agreement by which the parties rescinded and cancelled all prior obligations in consideration of the payment of $5,000 and the delivery of a truck by appellant to respondent; that the agreement was executed; that by reason of the execution of this agreement appellant had received something of value; that an action on a common count can only be maintained where the contract is executory or the action is merely to procure the return of the consideration paid and the plaintiff has received nothing of value, relying upon *McCall* v. *Superior Court*, 1 Cal.2d 527 [36 P.2d 642, 95 A.L.R. 1019]. We assume, without deciding, that a denial of ''due execution and validity'' is not a denial of ''genuineness and due execution.'' ▉ If respondent's premise is sound and the situation before the trial court was an answer, with copies of written instruments annexed thereto, and no affidavit denying the genuineness and due execution of the instruments, his conclusion does not follow. Failure to file the affidavit merely means that a plaintiff admits the due execution and genuineness of the instruments. He admits that the instruments were signed and delivered and that they are not spurious, nothing more. ▉ Failure to file an affidavit does not preclude a plaintiff from making any defense whatever to the affirmative allegations of the answer. He could, by evidence, controvert the instruments upon any and all grounds except that he could not

controvert their due execution or their genuineness. He could controvert the instruments by evidence of fraud, mistake, undue influence, mental incapacity, want of consideration, failure of consideration, compromise, estoppel, that they were void because not fairly made or fully comprehended; he could question their legal effect; he could attack them by any other defense that would be open if the instruments were the basis of an action. (*Moore* v. *Copp*, 119 Cal. 429, 432 [51 P. 630] [*mistake*]; *Cordano* v. *Wright*, 159 Cal. 610, 616 [115 P. 227, Ann. Cas. 1912C 1044] [*legal effect of instruments*]; *Walsh* v. *Jacobson*, 3 Cal.App.2d 477, 480 [39 P.2d 455] [*fraud*]; *Wilson* v. *McCormick Steamship Co.*, 38 Cal.App.2d 726, 729 [102 P.2d 412] [*instruments not fully comprehended and, therefore, void*]; *Boyd* v. *Bargagliotti*, 12 Cal.App. 228 [107 P. 150] [*contract varied by oral agreement*]; *Fatta* v. *Catalano*, 41 Cal.App. 630, 632 [183 P. 224] [*contract repudiated*]; *Bridges* v. *Fisk*, 53 Cal.App. 117, 121 [200 P. 71] [*failure of defendant to perform*]; *Lubeck's Investment Co.* v. *Voris*, 68 Cal.App. 652, 656 [229 P. 1025] [*contract mutually rescinded*]; *Kimes* v. *Davidson Inv. Co.*, 101 Cal.App. 382 [281 P. 639] [*prevention of performance*]; *Newsom* v. *Woollacott*, 5 Cal.App. 722 [91 P. 347] [*instrument had no connection with cause of action sued on*]; *Stoneman* v. *Fritz*, 34 Cal.App. 2d 26, 30 [92 P.2d 1035] [*legal effect of instrument*]; *Camp* v. *Boyd*, 41 Cal.App. 83 [182 P. 60] [*undue influence*]; *Lowrey* v. *Rego*, 65 Cal.App.2d 16, 21 [149 P.2d 706] [*fraud*]; *Maxwell* v. *Jimeno*, 89 Cal.App. 612 [265 P. 885] [*contract repudiated, cancelled and rescinded by plaintiff*]; *Long* v. *Harrison*, 113 Cal.App. 321, 324 [298 P. 148] [*false representations*].) *Baird* v. *Pacific Electric Ry. Co.*, 39 Cal.App. 512 [179 P. 449], is squarely in point. The action was for damages for wrongful ejectment from a streetcar. The defendant pleaded a written release signed by the plaintiff. The plaintiff did not file an affidavit denying the genuineness or due execution of the release. Upon the trial the defendant objected to the introduction of any evidence on the ground that it appeared from the pleadings that the plaintiff had no cause of action against the defendant. Time was given to the plaintiff to make a tender of sums which he admitted in open court to have received from the defendant at the time of the execution and delivery of the release. When tender was not made within the time, the trial court sustained defendant's objection and rendered judgment for the defendant. In reversing the

judgment, it was held that the plaintiff had a right to introduce evidence, that he was not estopped from attacking the release upon any ground other than such as involved the genuineness or due execution thereof, that he could do so "by evidence of fraud, mistake, undue influence, compromise, payment, estoppel, mental incompetency, and the like defenses," that there was nothing in the pleadings to indicate what, if any, defense the plaintiff might have interposed to the admitted execution of the release, that under our system of pleading no such showing is required (Code Civ. Proc., § 462), that the trial court seemed to have assumed that the plaintiff was relying upon some defense which he could not be permitted to maintain without first tendering back to the defendant the money he had received in consideration of the release, that there was nothing in the record to justify such assumption, that the plaintiff was entitled to the presumption that he had evidence to offer in attacking the release consistent with its due execution and genuineness. (See, of like tenor, *Meyer* v. *Haas,* 126 Cal. 560, 563 [58 P. 1042]; *Maxwell* v. *Jimeno, supra,* 89 Cal.App. 612; *Raynale* v. *Yellow Cab Co.,* 115 Cal.App. 90, 92 [300 P. 991].) There is nothing in the pleadings here to indicate what, if any, defense appellant might have interposed to the instruments. Respondent makes two assumptions not borne out by the record. First, that appellant received something of value from respondent. There is nothing in the instrument by which respondent released appellant which bears out this assumption. For aught that appears respondent may have refused to perform the obligations of the release to be performed by him. Nowhere in respondent's answer is there any allegation that appellant received anything from respondent that he failed to return. In any event, appellant had the right to prove that he did not receive anything. Second, that appellant had not tendered back to respondent everything he received. The record is silent on this subject. Here, as in the Baird case, appellant was, and is, entitled to the presumption that he had evidence to offer in attacking the instruments consistent with their genuineness and due execution. There is no support in the record for the recitation in the judgment that "it appeared" from the pleadings that prior to the bringing of the action appellant had never rescinded and had never offered to restore. As stated, there is nothing to indicate that there was anything to restore. An offer to restore is not a prerequisite to the maintenance of an action to recover money

paid unless the plaintiff received something to restore. (*McNeese* v. *McNeese*, 190 Cal. 402, 405 [213 P. 36]; *Hellman Commercial T. & S. Bk.* v. *Alden*, 206 Cal. 592, 605 [275 P. 794].) Whether or not appellant received anything of value could be determined only from evidence. The evidence might have shown that an offer to restore would have been fruitless. In that case an offer to restore is not essential. (*McDonald* v. *Pacific Debenture Co.*, 146 Cal. 667, 672 [80 P. 1090]; *Schlake* v. *McConnell*, 83 Cal.App. 725, 734 [257 P. 175].) "But where the plaintiff himself has pursued the method provided by sections 1688-1691 of the Civil Code to effect a rescission of the contract he may come into a court of law for all the relief that court is competent to give, and in the instances where he merely asks for a return of the consideration parted with by reason of the fraud, mistake, failure of consideration or any other set of facts authorizing rescission, he is entitled to the action of *assumpsit*." (*Philpott* v. *Superior Court*, 1 Cal.2d 512, 524 [36 P.2d 635, 95 A.L.R. 990].) "The action in *assumpsit* in such cases is not upon the failure of consideration or upon the fraud practiced but upon the promise or obligation set up by the law to afford to the injured party additional relief. Failure of consideration, duress, fraud, or mistake, are elements only in the sense that they furnish a foundation upon which to rest the rescission from which flows the promise or obligation." (*McCall* v. *Superior Court*, 1 Cal. 2d 527, 533 [36 P.2d 642, 95 A.L.R. 1019].) Rescission here means only legal rescission, termination of the contract by act of the plaintiff, and where there is nothing to restore, assumpsit lies. A common count is sufficient where the contract is executory, or the action is merely to procure a return of the consideration paid and the party rescinding has received nothing of value. "The action is not on the fraud, or failure of consideration, or duress, but upon *quasi* contract imposed by law." (*McCall* v. *Superior Court, supra*, 1 Cal.2d 527, 538.) The principle stated in the McCall case, which was dictum in that opinion, relied upon by respondent, in which the court quoted the following with approval from *Swanston* v. *Clark*, 153 Cal. 300, 303 [95 P. 1117], "One seeking to rescind a contract, or to enforce a rescission which he claims he has effected in the manner provided in section 1691 of the Civil Code, must allege facts showing that he had a good right to rescind, and for what cause a rescission had taken place, or that a rescission had been made by consent," has no application here. The Swanston case did not pass

upon the propriety of a common count in an action to recover back money obtained by fraud, mistake, or the like. To say, in the instant case, that appellant is seeking to rescind a contract, or to enforce a rescission which he claims to have effected in the manner provided in section 1691 of the Civil Code, is to assume something which may not be supposed from the record before us.

A complaint should never be dismissed unless it appears to a certainty that no basic right of action can possibly exist or no relief can possibly be granted. It is a rare case when a litigant may be denied his day in court without a hearing. Appellant should be permitted to amend his complaint, should he be so advised.

Judgment reversed.

Shinn, Acting P. J., and Wood, J., concurred.