[Civ. No. 15364. Second Dist., Div. One. Dec. 5, 1946.]

C. P. AVERETT, Appellant, v. H. J. GARRIGUE, Respondent.

Saul S. Klein for Appellant.

Lawrence Paul Scherb for Respondent.

YORK, P. J.—By the instant action, plaintiff seeks to recover from defendant the sum of $2,750, evidenced by a promissory note dated December 31, 1944, plus attorney's fees and costs. As a defense to said action, defendant pleaded an agreement and release dated March 6, 1945, which, it is alleged, "released and discharged this answering defendant from the claim herein sued upon." The trial court found in favor of such defense and ordered judgment for defendant. This appeal is prosecuted therefrom on the ground that "the trial court erred in not permitting the plaintiff to offer evidence as to what the parties themselves understood the agreement and release to mean and refer to."

The record discloses that on December 31, 1944, appellant Averett was general manager of Water Well Equipment Company which was owned by respondent Garrigue; that said parties were also partners in a venture called Miracle Farms Company, which they dissolved as of December 31, 1944, by formal agreement dated January 26, 1945; that pursuant to such dissolution agreement appellant retired from the partnership and as consideration for his interest received respondent's note for $2,750 (sued for in this action) together with a deed to certain property upon the agreement that appellant should pay the balance due on the purchase price thereof and all escrow expenses, which deed was dated and acknowledged on March 29, 1945. Thereafter, on March 6, 1945, appellant, as general manager, and respondent, as owner, of the Water Well Equipment Company, and their respective wives, executed an Agreement and Release wherein and whereby the Averetts discharged and released "from any and all claims of every kind and nature whatsoever that they or either of them may have against Henry J. Garrigue and Marie Therese de la Garrigue, his wife, whether known or unknown from all time past until the present time and particularly, but without limiting the generality of the above and foregoing provisions, any claims to the Water Well Equipment Company. Said C. P. Averett and Mary Margaret Averett, his wife, hereby assign, set over and transfer to the said Henry J. Garrigue and Marie Therese da la Garrigue, his wife, any and all interest of any kind and nature that they may have in the Water Well Equipment Company, or any of its assets.

"In consideration of the above and foregoing, Henry J. Garrigue and Marie Theresa de la Garrigue, his wife, do hereby

agree to pay to C. P. Averett and Mary Margaret Averett, his wife, the sum of Eleven Thousand ($11,000.00) Dollars, payable as follows: . . ."

It was contended in the trial court, as it is here, that the parties to the instant cause were participants in two separate and different transactions: (1) The dissolution and settlement of the Miracle Farms Company partnership, out of which the note here involved arose; (2) the settlement with reference to the Water Well Equipment Company, in connection with which the agreement and release was executed.

Under this theory, appellant sought in the trial court to introduce evidence for the purpose of showing that the release agreement "is a release for just the Water Well Equipment Company, and is not a release for the note" which was given as part consideration for the dissolution of the partnership.

The question presented for determination, as stated in *Universal Sales Corp.* v. *California etc. Mfg. Co.*, 20 Cal.2d 751, 760 [128 P.2d 665], is "whether or not the language of the contract is sufficiently certain and definite to render unnecessary a resort to extraneous evidence respecting the circumstances surrounding the execution of the instrument, the situation of the parties, and their intention in executing it."

"A contract must be so interpreted as to give effect to the mutual intention of the parties, as it existed at the time of contracting, so far as the same is ascertainable and lawful." (Civ. Code, § 1636.) The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." (Civ. Code, § 1638.)

In *Estate of Gaines*, 15 Cal.2d 255, 264 [100 P.2d 1055], the court, in discussing the parol evidence rule, stated: "The rule as applied to contracts is simply that as a matter of substantive law, a certain act, the act of embodying the complete terms of an agreement in a writing (the 'integration'), *becomes the contract of the parties*. The point then is, not how the agreement is to be proved, because as a matter of law the writing is the agreement. Extrinsic evidence is excluded because it cannot serve to prove what the agreement was, this being determined as a matter of law to be the writing itself. The rule comes into operation when there is a single and final memorial of the understanding of the parties. When that takes place, prior and contemporaneous negotiations, oral or written, are excluded; or, as it is sometimes said, the written memorial supersedes these prior or contemporaneous negotiations." (Emphasis included.)

The agreement here in question is without ambiguity and clearly recites that appellant and his wife "do hereby release and discharge" respondent and his wife "from any and all claims of every kind and nature whatsoever that they or either of them may have against" respondent and his wife, *"whether known or unknown from all time past until the present time and particularly,* BUT WITHOUT LIMITING THE GENERALITY OF THE ABOVE AND FOREGOING PROVISIONS, *any claim to the Water Well Equipment Company."*

The language of the document is amply sufficient to constitute a release of the note here sued upon. It should not be overlooked that appellant at no time contended that the release agreement was invalid because of fraud, mistake or for any other reason. As a result, the ruling of the trial court excluding the introduction of parol evidence to explain the terms of the document in question, was without error.

For the reasons stated, the judgment is affirmed.

Doran, J., concurred.

WHITE, J.—I concur. While explanation of a contract by reference to the circumstances under which it was made and the matter to which it relates is authorized by section 1647 of the Civil Code, such evidence is never admissible in connection with a written contract to add or take away anything from the agreement. This rule of evidence is applicable only in cases where upon the face of the contract itself there is doubt, "to dispel that doubt, not by showing that the parties meant something other *than* what they said, but by showing what they meant *by* what they said" (*United Iron Works* v. *Outer Harbor etc. Co.,* 168 Cal. 81, 84, 85 [141 P. 917]). Were the proffered evidence offered in the instant case received, its effect would be to put a different sense and construction upon the language of the contract from that which it would naturally bear, and not to show the circumstances under which the language was used. The language of the contract here in question was clear and understandable, and there was no need for interpretation by way of "surrounding circumstances" in connection with its execution. The evidence offered was therefore properly excluded. (*Boat & Barge Corp.* v. *Beverly etc. Co.,* 71 Cal.App.2d 800, 810 [163 P.2d 913].)