[No. 6,082.]

## SMITH v. EAST BRANCH MINING COMPANY.

EVIDENCE—OFFER OF PROOF.—An offer of proof must be distinctly directed to some material fact; and if it is vague in this respect, it is not error for the Court to reject it.

APPEAL from a judgment for plaintiff, and from an order denying a new trial, in the Nineteenth District Court, City and County of San Francisco. WHEELER, J.

The statement on motion for new trial is confined to setting forth the ruling and exception referred to in the opinion, and contains no formal specification of errors.

The other facts are stated in the opinion.

*George A. Nourse,* for Appellant.

There is a substantial specification of errors in law made in the statement.

*James L. Crittenden*, for Respondent

The statement contains no specification of any errors of law or fact.

Department No. 2, MYRICK, J.:

This is an action to recover the value of work, labor, and services rendered by plaintiff for defendant as mining superintendent. The answer is a general denial. Evidence was given that the services were rendered as general superintendent of defendant's mines, ditches, flumes, and works, and in supervising the construction of and in constructing a water-ditch; and while one Martin, a witness for defendant, was being examined, the defendant offered to show that the work of constructing the ditch was not well done, which offer, with the ruling and exception, were as follows:

" *Question.*—Do you remember having an extra force placed upon the mine in order to conduct the water off through the ditch that had failed to run?

" Objected to, and objection sustained.

" *Counsel for defendant.*—The object is to show there was an extra force employed there. Mr. Smith has testified that for about two months he had sixty men employed, and only for about that period of time some sixty men were at work on the property; and I want to ask Mr. Martin if he remembers the occasion when it was, and what were the circumstances under which these men were brought there—why it was necessary to have an extra force—to show that the work was not well done. I desire also to show that this force—that it was an extra force put on there—not retained there permanently, but for the purpose of repairing under extraordinary circumstances.

" Objected to, objection sustained, and exception taken."

The defendant did not offer to show that it had sustained damage or loss in consequence of any act of plaintiff inconsistent with his duty as its superintendent, nor that the water failed to run in consequence of any default of plaintiff in the discharge of his duties. The offer made is, in our opinion, too

vague, and does not embrace any offer to show unskillfulness, or negligence, or any fault on the part of plaintiff. (*Chamberlain* v. *Vance*, 51 Cal. 75.)

Judgment and order affirmed.

THORNTON, P. J., and SHARPSTEIN, J., concurred.