[L. A. No. 621. Department Two.—November 6, 1899.]

GEORGE MEYER, Respondent, v. A. HAAS et al., Appellants.

NEGLIGENCE—RELEASE IN FULL OBTAINED BY FRAUD—RETURN OF CONSIDERATION.—A document purporting on its face to be a full settlement and discharge of the defendants from all claim of damages to the plaintiff resulting from personal injuries caused by their negligence, which was signed by the plaintiff, a foreigner, speaking English imperfectly and not able to read it at all, at the instigation of his physician, who was in the employ of and acted as agent for the defendants in procuring the settlement, and who represented to the plaintiff that the document was a mere receipt for any claim he might have for loss of time, is not a bar to an action for the injuries suffered by the plaintiff to his person, although the plaintiff never returned or offered to return the consideration for the alleged settlement.

ID.—CONSTRUCTION OF CONTRACT OF SETTLEMENT.—Under such circumstances, the contract must be construed as a mere settlement of those matters as to which the minds of the parties met, and not in satisfaction of anything which the plaintiff never consented that it should satisfy.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Lucien Shaw, Judge.

The facts are stated in the opinion.

William J. Hunsaker, for Appellants.

The release, even if procured by fraud or mistake, was merely voidable, and could be avoided only upon a restoration of the consideration. (*Fish v. Benson,* 71 Cal. 440; *Loaiza v. Superior Court,* 85 Cal. 30; 20 Am. St. Rep. 197; *Colton v. Stanford,* 82 Cal. 399; 16 Am. St. Rep. 397; *Deputy v. Stapleford,* 19 Cal. 305; *Buena Vista Co. v. Tuohy,* 107 Cal. 243; *Bancroft v. Bancroft,* 110 Cal. 374; *Kelley v. Owens,* 120 Cal. 502; *Rohrbacher v. Kleebauer,* 119 Cal. 260; *Maddock v. Russell,* 109 Cal. 426; *Gifford v. Carvill,* 29 Cal. 589; *Jurgens v. New York Life Ins. Co.,* 114 Cal. 161; *Collins v. Townsend,* 58 Cal. 608; *Herman v. Haffenegger,* 54 Cal. 161; *Hammond v. Wallace,* 85 Cal. 531; 20 Am. St. Rep. 239; *Morrison v. Lods,* 39 Cal. 381; *Wainwright v. Weske,* 82 Cal. 193; *Canal Co. v. Roach,* 78 Cal. 552; *Benson v. Shotwell,* 87 Cal. 49; *Marten v. Burns Wine Co.,* 99 Cal. 355; *Wilson v. Sturgis,* 71 Cal. 226.)

R. A. Ling, and Edwin A. Meserve, for Respondent.

GRAY, C. —Action for injuries to the person. Defendants appeal from a judgment in plaintiff's favor for fifteen hundred dollars and from an order denying a new trial.

The plaintiff fell into an insufficiently guarded elevator shaft which was maintained by defendants near the middle of the sidewalk immediately in front of their place of business in the city of Los Angeles. The result of his fall was three or four broken ribs and internal injuries apparently of a nature to permanently disqualify him for the performance of hard work, such as he had previously been accustomed to. The defense principally relied on at the trial was a settlement and discharge of appellant from all claim for damages. The plaintiff was a German and spoke and understood the English language imperfectly, and could not read it at all. The defendants employed Carl Kurtz as a physician to treat plaintiff's injuries. This physician also acted as the agent of appellants in the settlement relied on as a defense. The evidence shows that on their behalf he paid plaintiff twenty-five dollars and secured his signature to a receipt prepared by appellants, which receipt is as follows:

"Received of Haas, Baruch & Co., the sum of twenty-five dollars, in full satisfaction and discharge of all injuries of every kind, nature, and description sustained by me by reason of having fallen down their sidewalk elevator shaft on Los Angeles street, near Aliso, on November 5, 1897, and in full satisfaction of my loss of time by reason of said accident, the said Haas, Baruch & Co. having provided me with medical attendance during my illness pursuant to said accident. And this is to be a receipt in full of all claims of every kind, nature, and description which I have against said firm by reason of any injuries sustained by me, or time lost by me, by reason of said accident.

"Dated Los Angeles, November 24, 1897.

                                   "(Signed)   GEORGE MEYER.
"Witness: Carl Kurtz."

In addition to their general verdict in plaintiff's favor for fifteen hundred dollars, the jury, in response to questions proposed by appellants, specially found as follows:

"1. Did the plaintiff on the twenty-fourth day of November, 1897, execute and deliver to Dr. Carl Kurtz, for the defendants in this case, the instrument dated November 24, 1897, a copy of which is set forth in defendants' answer? Answer, Yes.

"2. Did the plaintiff receive from Dr. Carl Kurtz, acting for the defendants, Haas, Baruch & Co., the sum of twenty-five dollars as the consideration for the execution and delivery of said instrument? Answer, Yes.

"3. Did Dr. Carl Kurtz at any time make any misrepresentations to plaintiff as to the contents, character, or legal effect of such instrument? Answer, Yes.

"4. If you answer the third question in the affirmative, then you will state particularly, and in detail, what false representations or misstatements concerning either the contents, character, or legal effect of said instrument were made by Dr. Kurtz to said plaintiff. Answer, He did not convey full information as to its contents, and said it was all right, and led him [the plaintiff] to believe that the twenty-five dollars only covered his loss of time while he was sick.

"5. Did Dr. Kurtz say anything to the plaintiff or do anything to prevent the plaintiff from becoming fully acquainted with the character, contents, and legal effect of said instrument before the signing thereof by the plaintiff? Answer, Yes.

"6. If you answer the fifth question in the affirmative, then you will state particularly, and in detail, what Dr. Kurtz said or did to prevent the plaintiff from becoming fully acquainted with the character, contents or legal effect of said instrument. Answer, He withheld full explanation of the instrument, and led plaintiff to believe it was all right. He neglected to inform him that the acceptance of the twenty-five dollars barred any further action for damages of any nature whatever.

"7. Has the plaintiff ever restored to the defendants, or offered to restore, the twenty-five dollars received by him at the time of the execution by him of the instrument of November 24, 1897? Answer, No."

It will be seen from these special findings of the jury, considered in connection with their general verdict, that the jury were of the opinion that plaintiff executed the alleged release under a mistake as to its contents, that he believed he was

receiving the twenty-five dollars and giving the receipt in discharge of any claim he might have for loss of time merely, and that he was led into this error by the artifice and deception of Kurtz as to the contents of the instrument, Kurtz acting as the agent of defendants and being in their employ, and at the same time pretending to act for plaintiff.   The case is not without evidence to support such conclusions.   That portion of the contract, therefore, purporting to release and satisfy the claim upon which the action is based is, on the findings of the jury, absolutely void for the reason that the mind of plaintiff never consented to any such a release, and the plaintiff should be bound only to the release and satisfaction of his claim for loss of time.   This view of the case makes it clearly distinguishable from most of the cases cited by appellant.   In those cases generally the parties sought to avoid or rescind contracts, the nature and contents of which they understood correctly, but they had been led to execute them by fraud or deception as to something other than the contents of the contract; and in such a case the contract would not be void but only voidable, and the rule requiring a return of everything received on the faith of the contract before it could be rescinded or avoided would apply; but this rule as to a return of everything received does not apply where a party is tricked or deceived into signing a contract different in its terms and objects from the contract which he has made and which he understands that he is executing.   The contract under such circumstances will be held to be what the maker of it intended it should be, and not what it was made to appear to be by the deception practiced.   The twenty-five dollars paid plaintiff may, therefore, properly be said to have been received in payment for the loss of time during his illness, and not in satisfaction of anything that his mind never consented that it should satisfy.   The claim sued upon does not include this loss of time, and the court instructed the jury that they could find nothing against defendants for loss of time.   No offer to return the money was necessary, for the reason that the plaintiff in this case "is not attempting to avoid a contract which he has made. but is showing that he did not make the contract which he apparently made." (*Mullen v. Old Colony R. R.*, 127 Mass. 86; 34 Am. Rep. 349; *Chicago etc. Ry.*

*Co. v. Lewis,* 109 Ill. 120; *Senter v. Senter,* 70 Cal. 619; *Wilson v. Moriarty,* 77 Cal. 596; 88 Cal. 207; *Sullivan v. Moorhead,* 99 Cal. 157.)

Appellants in their reply brief cite *Hawkins v. Hawkins,* 50 Cal. 558, and *Loan Assn. v. Esche,* 75 Cal. 513. In neither of these cases was there any relation of trust or confidence between the parties, and the means of knowing the contents of the contract executed was open alike to both parties; but in this case the agent of appellants was also acting as the agent of respondent, and respondent trusted in him and relied upon his representation that the instrument was "a receipt for the lost time." Here, too, the contract was in a language that respondent could not read, and so the means of knowledge as to its contents was not equally open to each of the parties to it. The disposition of this case in the trial court is, therefore, not in conflict with the two cases last referred to.

The point is made that the special findings of the jury fail to show that the release was obtained by misrepresentation or fraud. That might well be and still the implied finding of misrepresentation and fraud would attach to the general verdict returned by the jury. Certainly, the special findings are not inconsistent with respondent's theory of misrepresentation, but in so far as they relate to the subject at all they tend to support that theory.

The contention of appellant that "it is not alleged in the complaint that plaintiff's injuries were caused by defendants' negligence," and for that reason the demurrer to the complaint should have been sustained, is evidently based on a misapprehension of the contents of the complaint. The complaint states facts showing that the injuries to plaintiff were caused by defendants' negligence.

The court did not err in refusing instructions 1 and 2 requested by defendants, and instruction No. 2 given by the court of its own motion is not erroneous in the respect contended for by appellant.

We advise that the judgment and order denying a new trial be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment
and order denying a new trial are affirmed.

Temple, J., McFarland, J., Henshaw, J.

Hearing in Bank denied.