[Civ. No. 2134.   First Appellate District.—September 19, 1917.]

MARY SWARTZ, by MARY SWARTZ, Her Guardian Ad Litem, Appellant, v. E. A. FILIPELLE et al., Respondents.

NEGLIGENCE — PERSONAL INJURIES — COMPROMISE SETTLEMENT ON PREVIOUS ACTION — FRAUD — BURDEN OF PROOF. — In an action by a guardian *ad litem* for personal injuries, where the defendants introduced evidence of a compromise settlement made under order of the probate court of an action brought by the general guardian two years previous for the same injuries, the burden was upon the plaintiff to show that the release was procured by fraud, and, in the absence of such showing, a directed verdict for the defendants is proper.

ID. — LANGUAGE OF RELEASE — INDIVIDUAL CLAIM OF GUARDIAN — ABSENCE OF FRAUD.—Fraud is not shown by the language of the release to the effect that the amount paid was received in payment of every demand by the minor and by the guardian as such and individually, on the theory that part of the money by the connivance of defendants was paid to the guardian individually.

ID. — PAYMENT OF ATTORNEYS' FEES — SILENCE OF RELEASE — LACK OF FRAUD.—The omission to mention in the release that the defendants paid the fees of plaintiff's attorneys as provided in the order authorizing the compromise affords no inference that they were not paid.

APPEAL from an order of the Superior Court of Santa Clara County denying a new trial.   J. R. Welch, Judge.

The facts are stated in the opinion of the court.

Beggs & McComish, for Appellant.

B. A. Herrington, Fry & Jenkins, Geo. W. Waldorf, Jas. P. Sex, and C. M. Lorigan, for Respondents.

KERRIGAN, J.—This is an appeal from a judgment in favor of the defendants in an action brought by the plaintiff through her guardian *ad litem*, for personal injuries sustained by her through the alleged negligence of the defendants.

The single question involved on this appeal is whether or not the plaintiff, having upon an order of the probate court, after a hearing, compromised and settled with the defendants an action for damages brought by her general guardian some

two years prior to the commencement of this action, may maintain this action without restoring or offering to restore the money received in such settlement, both actions being for the same injuries.

At the trial of the case, after the plaintiff had introduced evidence tending to support the allegations of the complaint, the defendants introduced the petition which had been filed in said probate department for leave to compromise and settle the former action. They also introduced the order of that court authorizing such settlement upon payment to the guardian of Mary Swartz of the sum of one thousand dollars and of plaintiff's attorney's fees and costs in that action. Over wholly untenable objections of the plaintiff, the defendants also introduced in evidence the contract of settlement entered into pursuant to said order of court, under the terms of which said guardian, in "consideration of the payment to him of one thousand dollars . . . in his individual capacity and as the guardian of the person and estate of Mary Swartz, a minor, does hereby acknowledge full payment and satisfaction of each and every claim or demand of damages, or otherwise, had or claimed by him, either individually or as guardian of the person and estate of Mary Swartz, a minor, or by the said Mary Swartz, a minor against" the defendants.

Plaintiff claims that under the law in this state neither the return of the consideration nor offer thereof, received under a settlement or release in an action obtained by the fraud of the other party thereto, is a condition precedent to the maintenance of another action for the same injuries; and she cites *Meyer* v. *Haas*, 126 Cal. 560, [58 Pac. 1042], to sustain that position.

Assuming the principle to be as broad as asserted by plaintiff, the fact is that she made no claim of any kind in the trial court that any fraud or deceit had been practiced upon her in the settlement of her claim. The objection to the introduction of the agreement of release contained no intimation, as appears to be suggested, that the plaintiff intended to impeach the release because of fraud. Moreover, after the release was admitted in evidence the plaintiff made no offer nor any attempt to explain the circumstances under which the release was obtained. And now, although at the trial she objected to the admission of the contract of settlement, her only claim that fraud was perpetrated upon her is based

upon certain language contained in that instrument to the effect that the one thousand dollars was received in payment of every demand by the minor and by her guardian as such and individually. Upon that language she argues (the contention apparently being made in this court for the first time) that it must be assumed that she did not get the whole of the one thousand dollars as directed by the order of court, but that part of it by the connivance of the defendants was paid to the guardian individually. It is also claimed that the receipt and release fails to show that the defendants paid the fees of the plaintiff's attorneys in that action as provided in the order authorizing the compromise and settlement.

In our opinion the fact that the release makes no mention of the payment of the attorney's fees affords no inference that they were not paid; and that its terms are broad enough to cover any claim that the guardian might have had individually was doubtless due to that tendency to prolixity that many attorneys indulge in in drafting papers of this character, and certainly gives rise to no inference that the payment for which the release was given was for any other purpose than compliance with the terms of the compromise judicially sanctioned, or that the guardian received any part of it individually. In any event the release is susceptible to a construction showing that it was fair and free from trick or artifice practiced by anyone connected with the transaction. This being so, and the burden being upon the plaintiff, if she made any such claim, to show that she was misled to her injury, amounting to a legal fraud, it follows, in the absence of such showing, that the action of the trial court in instructing the jury to bring in a verdict in favor of the defendants was correct.

The judgment is therefore affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 15, 1917.