[Civ. No. 427.   Fourth Appellate District.—December 24, 1930.]

ARLINE RUTH WINSTANLEY, Respondent, v. MORRIS ACKERMAN, Appellant.

George L. Greer and Titus & Macomber for Appellant.

Edward J. Kelly for Respondent.

AMES, J., *pro tem.*—The plaintiff in this action is the surviving wife of Joseph Vincent Alexander Winstanley, deceased. She instituted this action for the recovery of damages for his death, alleged to have been caused by the negligent and careless driving of an automobile by defendant. In his answer the defendant denied negligence and pleaded contributory negligence on the part of the plaintiff. After the case was at issue the defendant, by leave of the court, filed a supplemental answer in which it was alleged that, since the filing of the original answer, plaintiff and defendant had made and entered into an accord and satisfaction, fully and finally settling and satisfying any and all claims of the plaintiff against defendant. A copy of this release is attached to the supplemental answer as an exhibit thereto. In said release it is recited that in consideration of the sum of $1250, plaintiff released and discharged defendant of and from any and all claims on account of, and arising out of, the accident on which the claim for damages is based. The case was tried before the court without a jury, and on the issues of negligence, and contributory negligence, the court found in favor of the plaintiff and against the defendant. On the issue tendered by the allegations in the supplemental answer, the court found that said release had been executed, and that defendant had paid to the plaintiff the said sum of $1250, but that said accord and satisfaction was null and void and of no effect, for the reason that the same was procured by the defendant by fraud and deceit and undue influence practiced upon the plaintiff by the representatives of the defendant.

The court further found that, at a time prior to the accident which resulted in the death of plaintiff's husband, an agent of the Pacific Indemnity Company had written a policy of insurance for the protection of the defendant against financial loss in any accident occurring through his negligent driving of an automobile; that on

the tenth day of February, 1928, and after the filing of the original answer in said action, an agent of the Pacific Indemnity Company took the plaintiff to the office of the attorney for the defendant; that she was then and there importuned to settle her claim against the defendant for $1000; that plaintiff and said agent of the Pacific Indemnity Company were directed by said attorney to the office of an agent and representative of said company, where plaintiff was again importuned and urged to settle her claim for $1000. This she declined to do. That thereafter, and on or about the fourteenth day of February, 1928, the agent of the Indemnity Company again called upon the plaintiff and by means of false and fraudulent representations made to her, induced her to accept the sum of $1250 as a final settlement of her claim.

The court further found that the plaintiff had explained to the agents' servants, representatives and attorneys of the defendant that she was poor and destitute; that they were well aware of said facts; that the plaintiff was nervous and neurasthenic, and that they then and there practiced undue influence upon her, in this, that they took an unfair advantage of her weakness of mind; and in that they took a grossly oppressive and unfair advantage of her necessities and distress; that in her reliance upon the truth of these representations plaintiff accepted the sum of $1250 and executed the accord and satisfaction as aforesaid.

The court further found that by reason of the death of her husband plaintiff had been damaged in the sum of $7,500, and crediting that amount with the sum of $1250 which had been paid her on said settlement, entered its judgment for the balance of $6,250. From this judgment defendant appeals upon the judgment-roll alone.

The principal point relied upon by the appellant, and which we think is controlling, is that there is no finding of any offer of payment, or tender of a return of the said sum of $1250 to the defendant, or any finding of a rescission of said accord and satisfaction. It is true that there is no such finding in the record, nor does the record disclose any offer of rescission or tender of benefits of said contract at the trial of said action. ■ After the filing of the supplemental answer, the plaintiff did not file an affidavit denying the execution of the said agreement as

provided in section 448 of the Code of Civil Procedure. And having failed to deny its execution, it was open to plaintiff, without further pleading, to introduce evidence to sustain any legitimate defense thereto except want of genuineness or due execution (Code Civ. Proc., sec. 462; *Baird v. Pacific Elec. Co.*, 39 Cal. App. 512 [179 Pac. 449]; *Garcia v. California Truck Co.*, 183 Cal. 767 [192 Pac. 708]). "An obligation is extinguished by a release therefrom given to the debtor by the creditor, upon a new consideration, or in writing, with or without a new consideration." (Civ. Code, sec. 1541.) But any rights asserted under such release are subject to the equitable defense of fraud, misrepresentation or undue influence. Section 1566 of the Civil Code is as follows: "A consent which is not free is nevertheless not absolutely void, but may be rescinded by the parties, in the manner prescribed by the chapter on rescission."

Section 1691 of the Civil Code prescribes that the rescission of a contract when not effected by consent, can be accomplished only by the use, on the part of the party rescinding, of reasonable diligence to comply with certain specified rules, one of which is that "he must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same", etc. The record in this case does not disclose that such tender was made.

In the case of *Garcia* v. *California Truck Co., supra*, the facts were similar to the case at bar, and the question before the court was as to the necessity of a tender of the amount of money which had been paid to plaintiff in consideration of the execution of a release. In that case the court quoted with approval from *Fox* v. *Hudson*, 150 Ky. 115 [Ann. Cas. 1914A, 832, 150 S. W. 49], as follows: "Where the claim is for unliquidated damages or when the settlement is made to adjust a matter in dispute, or where there is a controversy as to the amount owing, and the parties agree upon a sum that shall be paid in settlement, the amount so paid must be returned if the party settled with seeks to avoid the settlement on the ground of fraud. Where there is no dispute as to the sum due and the creditor is induced by fraud to accept a less amount than his whole

debt, he may attack the settlement without returning what he has received."

And further in this case, at page 771, the court said: "As stated in the case of *Kley* v. *Healey,* 127 N. Y. 551 [28 N. E. 593, 595], cited approvingly in *Matteson* v. *Wagoner,* 147 Cal. 739 [82 Pac. 436], the rule is as follows: 'A more satisfactory answer, however, may be found in the principle that one who attempts to rescind a transaction on the ground of fraud is not required to restore that which in any event he would be entitled to retain either by virtue of the contract sought to be set aside, or the original liability.' "

■ In the instant case, at the time of the execution of the release, defendant had filed an answer denying his liability, and that issue was wholly undetermined, and the amount of such liability, if any, was necessarily unliquidated. And while a creditor is not required to restore that which in any event he would be entitled to retain, it cannot be said that the plaintiff in this case had retained only that which, without dispute, belonged to her. The court in the case last cited distinguishes between that case and *Meyer* v. *Haas,* 126 Cal. 560 [58 Pac. 1042, 1043], cited by respondent herein, where the plaintiff was induced to execute, for $25, a release of all claims on account of his injuries, having been induced by fraud to believe that he was discharging only such claim as he might have had for loss of time. But the plaintiff, it was said, was "not attempting to avoid a contract which he had made, but is showing that he did not make the contract which he apparently had made". The written contract was held void *ab initio,* because the release which was actually executed was not the release that the plaintiff intended to execute.

The cases cited by respondent are not in point. In *Rued* v. *Cooper,* 119 Cal. 463 [51 Pac. 704], the plaintiff, as assignee of an insolvent debtor, sued to recover money which had been paid by said debtor under a void contract for the purchase and sale of stock on margin, and judgment for the defendant was reversed for the reason that there was no proof of any agreement to settle a claim for the money illegally paid, or that the illegality of such claim was even known to or considered by the parties in any manner in executing the release involved in that case.

The case of *Richards* v. *Fraser*, 122 Cal. 456 [55 Pac. 246, 247], was an action to recover money fraudulently obtained from plaintiff by defendants, some of whom had been his copartners. The defendants pleaded a release, but it was held that an offer to rescind and restore the consideration for the release was unnecessary because, under the facts, the plaintiff would in any event have been entitled to retain such consideration. Quoting with approval from *Gilson etc. Co.* v. *Gilson,* 47 Cal. 597, the court said: "One who attempts to rescind a transaction on the ground of fraud is not required to restore that which in any event he would be entitled to retain." In *Baird* v. *Pacific Elec. Co., supra,* a judgment of the superior court was reversed because the court refused to permit the plaintiff to introduce any evidence for the reason that release from liability had been pleaded by the defendant, the execution and genuineness of which had not been denied. The superior court apparently assumed that plaintiff was relying upon some defense which he could not be permitted to maintain without first tendering back to the defendant the money he had received in consideration of such settlement. But the appellate court could find nothing in the record to justify such assumption. The court said: "If his evidence would have disclosed a total incompetency to enter into a settlement and a continuing and permanent disability in that respect, these releases became mere 'scraps of paper' (Civ. Code, sec. 38); and it is well settled that no obligation to repay money advanced on the settlement as a condition of controverting the agreements would exist. Or, even if the disability was only partial and temporary, and it should be shown in evidence that the settlement was obtained by fraud and deceit as to the contents of the agreements and their legal effect; or, again, if a state of facts existed where, in his weakened mental state, the plaintiff was induced by fraudulent representations to sign these releases, in the belief that he was being paid so much on account, he could not be required to tender back the payments as a condition of offering evidence to defeat the agreed settlement."

In her petition for a rehearing, respondent contends that it was sufficient that the findings were to the effect that the release was void and it is suggested that, for the

purpose of affirming the judgment the court should assume that evidence introduced at the trial was sufficient to support the finding that the accord and satisfaction was null and void. And while it is true that every intendment will be indulged to sustain a finding of fact, especially in cases where the appeal has been taken upon the judgment-roll alone, in the instant case the trial court expressly found that "said accord and satisfaction was null and void and of no effect for the reason that the same was procured by the defendant by fraud and deceit and by undue influence, then and there practiced upon the plaintiff by the agents, servants and representatives of the defendants."

■ It is therefore apparent that the plaintiff did avail herself of the right accorded her by law to sustain any legitimate defense as against the agreement of accord and satisfaction and upon the evidence so introduced, the court has made a complete and comprehensive finding from which it appears that the contract was obtained through fraud, deceit and undue influence, but the findings in the case at bar do not disclose the fact that the plaintiff was so devoid of understanding as to render her contract of release a nullity. Section 38 of the Civil Code is as follows: "A person entirely without understanding has no power to make a contract of any kind, but he is liable for the reasonable value of things furnished to him necessary for his support or the support of his family."

It was found by the court that plaintiff had explained to the defendant, his attorneys and representatives, that she was poor and destitute. The court also found that she was nervous and neurasthenic. Obviously, nervousness and neurasthenia do not constitute mental incompetency to such an extent as to render the transaction void *ab initio* even though the transaction may be avoided by a timely rescission and tender of benefits received. We think the failure of the record to disclose a tender of the money received by plaintiff will necessitate a reversal of the judgment.

■ In her brief, respondent contends that on the day of trial she tendered to the appellant the sum of $1250 which she had received as a consideration for the release she had signed, but since that fact, if it is a fact, does not appear in the judgment-roll, it cannot be considered here. In

view of the fact that the case will be remanded for a new trial, respondent will not be deprived of relying on that defense and may file a proper supplemental pleading in the trial court, if so advised.

However, we feel constrained to say that we have reached the conclusion, herein expressed, with some degree of reluctance, and we do not wish to be understood as placing the stamp of judicial approval upon such practices as are disclosed by the record in this case. The practice of an insurance adjuster, disregarding and ignoring counsel for the plaintiff, and dealing with the plaintiff herself, and importuning her to effect a settlement which may be wholly inadequate, should meet with severe censure from the bench and bar of this state.

Judgment is reversed and cause remanded for a new trial.

Cary, P. J., and Barnard, J., concurred.

A petition for a rehearing of this cause and the motion for supplemental findings of fact was denied by the District Court of Appeal on January 15, 1931, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 19, 1931.