[Civ. No. 5728.   Fourth Dist.   Jan. 27, 1958.]

ROBERT  D.  MOORE,  JR., Appellant, v. KENNETH  K.
ROGERS, Respondent.

William B. Whitlow and Gordon T. Shepard for Appellant.

Winthrop O. Gordon and Nathan W. Tarr for Respondent.

BARNARD, P. J.—On May 14, 1953, the parties to this action entered into an agreement providing that it was agreed by the plaintiff Moore that the total labor and costs of framing the houses then under construction on certain lots in Santa Ana would be $500 each; that all materials used on said jobs were to be ordered and paid for by Rogers; and that "For use of Moore's contracting license on the city building permits for houses on the above numbered lots, and for his help and supervision on the jobs, Moore agrees to accept 25% of the profits," the profits to be the net above all costs of the land and improvements after all said houses were sold and all bills paid. On August 7, 1953, the plaintiff signed a document entitled "General Contractor's Waiver."

In this action brought on August 22, 1955, the plaintiff alleged that these houses had been completed and sold; that the defendant had realized a net profit in excess of $3,500 from the construction and sale of these houses; and that the defendant had refused to pay him any portion of said profits. In separate causes of action similar allegations were made with respect to other contracts and houses constructed upon other lots. The prayer was for the recovery of the amounts found by the court to be due under these contracts. The answer admitted the making of these contracts and the completion and sale of these houses, but alleged that a dispute had arisen between the parties which had been resolved, that an account had been stated, and that in connection therewith "plaintiff received money and signed a full release and satisfaction of any and all claims" against the defendant.

When the action came on for trial it was stipulated that the issues in all the causes of action "are identical and that they may be determined by the trying of one cause of action." It was then stipulated that "the issue of whether or not a waiver, a general contractor's waiver, constitutes a bar to this action" should be tried first. Counsel then agreed, in response to questions by the court, that the plaintiff had been paid any sums due him except for his share of the profits; that the only point in issue was the question of the 25 per cent profit; that it was defendant's contention that the release or waiver signed by the plaintiff relieved the defendant from any obligation to pay this 25 per cent of the profits; and that it was the plaintiff's contention that this release was signed merely for the purpose of making it possible to give a clear title to the buyers of these houses. The parties then stipulated that this general contractor's waiver should be admitted into evidence, and it was received and marked "Defendant's Exhibit A."

The plaintiff was then called to the stand and asked whether he had been given any consideration of any kind in return for his execution of this document. An objection was made on the ground that the document is a written release which does not require any consideration, and that the document is the best evidence and could not be modified by parol. This objection was not ruled upon by the court but was immediately followed by arguments made by counsel for both parties, which arguments were not reported. Immediately after that argument the court stated "As I read this release, that is determinative of the law suit. I think the release is binding upon

the plaintiff.'' After a further argument by respective counsel, which is unreported, counsel for appellant asked permission to make an offer of proof, which was granted. He then said he would like to call the plaintiff to the stand. Counsel for the defendant then said ''You can make your offer and make your representation. You do not have to put him on the stand.'' Counsel for plaintiff then stated that he would like to offer testimony showing that the sole and only purpose of the execution of the waiver was to induce the title companies to write a policy of title insurance in order that the contract between these parties could have come to its logical conclusion; that ''I want to introduce evidence to show that no consideration was given for this release, this evidence going to show that it was given for specific purposes other than a general release. I want to offer proof that it was the intention of both parties at the time this waiver was executed that it was not to be a general release but, rather, a release for a special and specific purpose, to wit, to secure a title policy and for no other purpose at all, and it was not the intention of either party that it should operate as a general release''; and that he offered to prove that the waiver was intended to release the $500 item in the contract but not to operate as a release with respect to the division of the profits. An objection to this offer of proof was made and sustained. The court then asked plaintiff's counsel whether he had anything further to offer, and he replied that in view of the stipulation that the issue as to the effect of this release should be first tried and determined he did not desire to proceed with his evidence in regard to the execution of the contract and the work that was done. Thereupon the court ruled that the release is determinative of the lawsuit and ordered judgment for the defendant. In findings which were filed the court found that as to each and all of the causes of action ''plaintiff signed a full release and satisfaction of any and all liens, claims or demands of every kind and nature arising out of or incident to'' the work done under these contracts. Judgment was entered in favor of the defendant, and the plaintiff has appealed therefrom.

The appellant contends that what is released by such a release is open to explanation and elucidation by parol evidence; that evidence may be introduced to show fraud, mistake of fact, a failure in the meeting of minds, lack of consideration, or that a release purporting to be in full is one intended to be partial; that he offered to prove that no consideration was given for this release, and that deception, fraud and

mistake of fact were all applied against him in the attempt to treat this document as a release; that his offer of proof concerned itself with the sole point that this release was intended by both parties to be for a specific purpose and not a general release; and that since no evidence of any kind was received there was no evidence to support the court's finding that the release was a complete discharge.

The written waiver involved here was received in evidence and there is nothing in the record before us to indicate that it was not, upon its face, sufficient to support the court's finding to the effect that it constituted a full release and complete discharge of any obligations involved in this action. This document, "Exhibit A," is frequently referred to in the reporter's transcript but its wording or contents are nowhere mentioned therein and have in no way been brought to our attention. In the absence of evidence to the contrary it must be assumed that this document constituted a full release, and sufficiently supported the finding to that effect.

Any inadequacy of consideration, while it may be considered in connection with other circumstances, is not in itself sufficient to set aside a written release. (Civ. Code, § 1541.) Under well settled principles, a release which purports to be a full release may be given a more limited application where proper grounds for doing so can be shown. (*Union Pac. R. R. Co.* v. *Zimmer*, 87 Cal.App.2d 524 [197 P.2d 363].) Evidence of fraud, misrepresentation or undue influence in procuring such a release may be received. (*Winstanley* v. *Ackerman*, 110 Cal.App. 641 [294 P. 449].) Where it is shown that deception has been practiced in obtaining a release it may not be considered as a satisfaction of anything not consented to by the claimant. (*Jordan* v. *Guerra*, 23 Cal.2d 469 [144 P.2d 349].) In any case it is for the trier of facts to determine whether one of the parties had an understanding of the effect of the writing which was different from that expressed in the writing, and whether his different understanding was induced by the other party. (*Jordan* v. *Guerra*, 23 Cal.2d 469 [144 P.2d 349].) If the release appears to be ambiguous as to what the parties intended it to cover the court could properly consider any testimony of the parties bearing on their intention and understanding. (*Sime* v. *Malouf*, 95 Cal.App.2d 82 [212 P.2d 946, 213 P.2d 788].) There is nothing in the record before us to show that there was any ambiguity in the writing here in question and, in any event, the question was one of fact for

the court to be decided in view of the evidence received and the offer of evidence here made.

The controlling question on this appeal is as to whether the appellant made a sufficient offer of proof under the circumstances then existing, and whether the court erred in sustaining an objection to that offer in the form in which it was made. ■ In *Douillard* v. *Woodd*, 20 Cal.2d 665 [128 P.2d 6], the court said: "A mere general offer of proof without producing the witness or stating the evidence whereby the fact in issue is to be proved, or, if the witness be present, without putting a question to him in such form as to give opportunity for objection, is not correct trial procedure and it affords no ground for appeal." ■ An offer of proof must be distinctly directed to some material fact and if it is vague or fails to reveal what facts it is proposed to bring out it is not error for the court to reject it. (*Smith* v. *East Branch Min. Co.*, 54 Cal. 164; *Stickel* v. *San Diego Elec. Ry. Co.*, 32 Cal.2d 157 [195 P.2d 416].) ■ In general, the rule is that in order to be sufficient an offer of proof must show, in effect, that a witness or witnesses are available and the particular facts which it is expected will be brought out through the testimony offered.

■ The offer of proof here made seemed to be primarily concerned with the question of consideration as related to the claim that this release was executed for a special and limited purpose, and it contained no reference to any deception, fraud. or mistake of fact. The offer to prove that it was the intention of the parties that this release should be effective for the special purpose named, and not that it should have the effect of a general release, was merely the expression of a desire to offer some proof on the issue which the court was to decide. without disclosing in any way the nature of any proposed evidence or stating what the evidence would be whereby the fact in issue might be proved. In effect, it was an offer by counsel to prove his contentions with respect to the issue before the court, without stating anything concerning what evidence he desired to produce. There was no offer to prove any fact which would support counsel's expressed conclusion, or tend to show any deception, misrepresentation or misunderstanding in connection with the execution of the waiver. If it be assumed that any ambiguity in the wording of the waiver existed, nothing was said as to what any witness would testify in connection with the meaning of the language used as understood by the respective parties, or with respect to the

intention of either party at the time the document was signed. After ruling on the objection to the offer of proof the court gave the appellant an opportunity to make a further offer of proof by asking counsel whether he had anything further to offer in that connection. No further offer was made, and the court then ruled that the release in question was determinative of the issue presented. Under the established rules, and on the record before us, it must be held that a sufficient offer of proof was not made and that no reversible error appears.

The judgment is affirmed.

Mussell, J., and Waite, J. pro tem.,* concurred.

* Assigned by Chairman of Judicial Council.