450 F.2d 786
 Nettie GELFAND and Philip Gelfand, Plaintiffs,
v.
TANNER MOTOR TOURS, LTD. (a California Corporation), et al.,
Defendants.
TANNER MOTOR TOURS, LTD. (a California Corporation), et al.,
Third-Party Plaintiffs-Appellants,
v.
The FLXIBLE COMPANY, Third-Party Defendant-Appellee.
 No. 5, Docket 71-1230.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 17, 1971.
Decided Oct. 29, 1971.
 
 Benjamin H. Siff, New York City (Bower, O'Connor & Gardner, Thomas R. Newman, New York City, of counsel), for defendants and third-party plaintiffs-appellants.
 Richard Bakalor, Quirk & Bakalor, New York City, for third-party defendant-appellee.
 Fuchsberg & Fuchsberg, New York City, for plaintiffs.
 Before MOORE, SMITH and HAYS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Tanner Motor Tours, Ltd., Tanner Motor Tours of Nevada, Ltd., and Lucky Cab Company appeal from the granting of summary judgment by Judge Bruchhausen of the United States District Court for the Eastern District of New York in favor of the Flxible Company, third-party defendant appellee. We find no error and affirm the judgment.
 
 
 2
 The issue presented is the effect of a general release, executed by Tanner and unambiguous on its face, on Tanner's claim for indemnity by Flxible for liability incurred in a New York action stemming from the same accident in connection with which the release was signed.
 
 
 3
 The claims in these actions grew out of a 1962 accident involving a tour bus owned and operated by the Tanner companies. Tanner sued Flxible, the manufacturer of the vehicle, for property damage and loss of use. After a mistrial the parties agreed to settle for $5,850, the amount of damage alleged by Tanner in its complaint, and Tanner's driver settled his personal injury claim. In 1963, pursuant to this settlement, Tanner executed a release of all claims against Flxible. Before the signing of this release, Nettie and Philip Gelfand, two passengers injured in the accident, had filed suit in New York against Tanner, claiming over $1,000,000 in damages. The suit was enmeshed in jurisdictional difficulties when the release was signed, but Tanner was aware of its existence. Tanner now claims that it can show by extrinsic evidence that the release does not, and was not intended to, bar Flxible's liability for indemnity on any judgment the Gelfands are awarded against Tanner. The district court held that such a claim was barred as a matter of law. We agree.
 
 
 4
 The release was a "full and complete release of all or any claims * * * by reason of the happening of said accident * * * including all consequential damage to us [Tanner] on account of injuries to others." California law, which governs this transaction, holds that extrinsic evidence is not admissible to vary a clear release unless it has been induced through fraud, deception, misrepresentation, overreaching, or misapprehension on the part of the releasor not due to his own neglect but caused by misconduct by the releasee. Moore v. Rogers, 157 Cal.App.2d 192, 320 P.2d 524 (4th Dist.1958); Averett v. Garrigue, 77 Cal.App.2d 170, 174 P.2d 871 (2d Dist.1946). See also Raynale v. Yellow Cab Co., 115 Cal.App. 90, 300 P. 991 (2d Dist.1931); Meyer v. Haas, 126 Cal. 560, 58 P. 1042 (1899); Jordan v. Guerra, 23 Cal.2d 469, 144 P.2d 349 (S.Ct.Cal. en banc 1943.) There was no claim of such improper conduct by Flxible here. Nor is a statutory exception for claims unknown at the time of signing the release relevant, as Tanner does not claim that the Gelfand claim was nonexistent or unknown at that time. Cal.Civil Code 1542; Casey v. Proctor, 59 Cal.2d 97, 28 Cal.Rptr. 307, 378 P.2d 579 (en banc 1963).
 
 
 5
 The only factor supportive of Tanner's position is the gross inadequacy of the consideration received for the release in light of the potentially substantial Gelfand judgment. This factor, while it may be considered in connection with other circumstances, has been held "not in itself sufficient to set aside a written release." Moore v. Rogers, supra, 320 P.2d at 527. Were the federal courts free to fashion the rules in this area, we might consider allowing attack on the release based on this large discrepancy and a claim of mistake. However, under the stricter California law by which we are bound Tanner has no remedy absent factors not shown here.
 
 
 6
 Judgment affirmed.