[Civ. No. 39001. Second Dist., Div. Four. July 17, 1973.]

THE STATE OF CALIFORNIA EX REL.
DEPARTMENT OF WATER RESOURCES, Plaintiff and Respondent, v.
C. MENZIES CLARK et al., Defendants and Appellants.

464

**COUNSEL**

Thorpe, Sullivan, Clinnin & Workman, Roger M. Sullivan and Henry K. Workman for Defendants and Appellants.

Evelle J. Younger, Attorney General, and Jeffrey T. Miller, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**DUNN, J.**—This is an appeal by some defendants from a judgment in a condemnation action brought by the state against them and others. The properties of the appealing defendants, viewed together, totalled approximately 410 acres. Property taken by the state approximated 48 acres, leaving defendants with remainders. The jury awarded appellants approximately $51,000 for the parcels taken and $1,000 for severance damages to the remainders. As stated by appellants in their opening brief, "The major dispute here was over severance damages."

Appellants contend that rulings made by the trial court erroneously restricted the jury's consideration of the properties' conditions to the stipulated date of value, whereas the date of issuance of the summons should have been used.[1] These rulings are purported to have resulted in a diminution of severance damages and, to a lesser degree, the damages for the parts taken.

The summons was issued on December 27, 1967.[2] The various appealing defendants answered on April 17, 1968. Thereafter, following various continuances, first and final pretrial hearings were held; trial of the case began July 8, 1970.

Code of Civil Procedure section 1249, as pertinent to this appeal, reads: "For the purpose of assessing compensation and damages the right thereto shall be deemed to have accrued at the date of the issuance of summons and its actual value at that date shall be the measure of compensation for all property to be actually taken, and the basis of damages to property not actually taken but injuriously affected, . . . provided, that in any case in which the issue is not tried within one year after the date of the commencement of the action, unless the delay is caused by the defendant,

---

[1] Appellants' reply brief states their position this way: "On the facts of this particular case the highest use of the subject property was diminished on the stipulated date of value by the more restrictive County subdivision policies, [regarding grading of interior roads] although prices generally had increased. Appellants opt for the benefit of both the general price increase existing at date of value and the greater highest and best use existing at date of summons. . . . In short, in a situation where the case does not come to trial within a year from summons, the property owner should be entitled to have compensation and damages assessed in the light of conditions existing at date of summons, or date of value, or both, depending in any given case on whatever combination results in the greatest compensation and damages."

[2] The summons, not being in the record furnished to us, we have sent for and reviewed the superior court file. (Cal. Rules of Court, rule 12(a).) The record shows summons was issued December 27th, although the parties, apparently through mistake, stipulated that it was issued December 26th.

the compensation and damages shall be deemed to have accrued at the date of the trial."

Although, in pretrial orders, the date of value was stipulated to be December 26, 1967, it was stipulated at the time of trial that the date of value was October 17, 1969, one of the dates on which the case previously had been set for trial. The jury was instructed that October 17, 1969, was the date of valuation by which to determine the fair market value of the properties and severance damages, if any.[3]

The record does not disclose that delay in the trial was caused by the defendants or, for that matter, by the plaintiff, although from arguments advanced by defendants in their briefs, it appears they would have us believe plaintiff caused the delay. The latter argument, being irrelevant as well as unsupported, is ignored.

In hearings held out of the jury's presence, the trial court ruled that the highest-and-best use of the properties was to be determined as of the date of value and not a so-called "date of condition." Appellants contend that December 27, 1967, the date summons was issued, was the date of condition, arguing that, pursuant to its ordinance No. 195, Los Angeles County permitted the property to be subdivided on that date into 2½-acre parcels, with virtually no restrictions affecting the construction of interior access roads, whereas by the date of value, namely, October 17, 1969, it had so construed ordinance No. 195 as to make it not economically feasible to subdivide into 2½-acre parcels but, rather, into 10-acre parcels.

One question we first must determine is: by what process were the court's rulings raised so as here to show prejudice to appellants? Thus, so far as the law is concerned, appellants requested no instruction to the jury on the point. As to the facts, the record shows there was evidence of the properties' "before" values and their remainder values under both theories of subdividing, respondent's witnesses testifying that subdividing into the 2½-acre parcels testified to by appellants' witnesses was not economically feasible to attain, thus raising only a conflict in the evidence admitted.

During the trial, appellants' attorney stated to the court that its rulings had required that he introduce evidence in a different form and type than he would have offered, but for the ruling. In an effort to make the point

---

[3]Although appellants designated this instruction (BAJI No. 11.72) for inclusion in the clerk's transcript, it was not so included. However, we sent for the file and examined the instruction (see fn. 2, herein).

appealable, he made what he termed an offer of proof. As an "offer of proof" it is inadequate[4] (*Douillard* v. *Woodd* (1942) 20 Cal.2d 665, 669-670 [128 P.2d 6]; *Braly* v. *Midvalley Chemical Co.* (1961) 192 Cal.App.2d 369, 379-381 [13 Cal.Rptr. 366]; *Moore* v. *Rogers* (1958) 157 Cal.App. 2d 192, 197-198 [320 P.2d 524]) and respondent apparently made an objection on that ground in the trial court. However, on this appeal respondent voices no similar disapproval, for which reason we consider the objection waived and the matter properly before us.

■ The question is stated by respondent this way: is the highest and best use to be determined as of the stipulated date of value or on some other date, namely, on December 27, 1967, the date summons was issued? Appellants stated it in a different manner, to wit: ". . . whether the court erred in ruling that the highest and best use should be determined with reference to County subdivision policies existing at the date of value, October 17, 1969, rather than those existing at the date of issuance of summons, December 27, 1967." In our view, the litigants state the same question, although appellants seemingly endeavor to argue the ruling's effect at the same time they outline the problem. Appellants concede, however, that it is "a distinction without a difference."

Obviously, there must be some date of value established in order to obtain intelligible opinion evidence regarding value. (Condemnation Practice In California (Cont.Ed.Bar 1973) § 4.19.) If experts were permitted to give opinions based upon divergent valuation dates, utter confusion would follow; a jury never could intelligently resolve conflicts between witnesses' opinions, thus determining value. It is for the Legislature to fix this date; it has done this by enacting Code of Civil Procedure section 1249, a constitutional statute. (*City of Los Angeles* v. *Tower* (1949) 90 Cal. App.2d 869 [204 P.2d 395].) The legislative purpose "was to protect the

---

[4]"MR. SULLIVAN [appellants' attorney]: As far as the offer of proof is concerned, the basic areas would be that as of the date of the condition, date of the issuance of summons, there would be virtually no restrictions on the ability to obtain two-and-a-half-acre subdivision on the type property we are concerned with, that as time passed up to the present time the County has increased its requirements thereby making more expensive, more difficult, although at no time would they actually deny it just because of that fact, but it would be more difficult. There was a period, according to my information, two or three months ago, where they temporarily put a freeze on them while they were reforming their policy, but because of this fact and passage of time there has been an increase what the well-informed buyer would find as cost of development and the property in our case has been prejudiced in that sense because of having to consider date of value as the date when those conditions would be found out about, learned, rather than the date of issuance of summons."

parties against fluctuations in the market value of real property." (*Redevelopment Agency* v. *Maxwell* (1961) 193 Cal.App.2d 414, 418 [14 Cal. Rptr. 170, 89 A.L.R.2d 1070].) Thus, while the basis of the valuation of land taken for public use must be what the owner lost, and not what the taker gained (*Southern California Fisherman's Ass'n* v. *United States* (9th Cir. 1949) 174 F.2d 739), the gain and the loss seemingly should occur at the same predictable time. "All of condemnation law . . . procedure and practice is but a means to [the] end of just compensation." (*People* ex rel. *Dept. Pub. Wks.* v. *Lynbar, Inc.* (1967) 253 Cal.App.2d 870, 879-880 [62 Cal.Rptr. 320].) To us, the foregoing may be viewed as meaning that "market value" (Evid. Code, § 811 et seq.; *People* v. *Ocean Shore Railroad* (1948) 32 Cal.2d 406, 425-426 [196 P.2d 570, 6 A.L.R.2d 1179]; *City of Daly City* v. *Smith* (1952) 110 Cal.App.2d 524, 531-532 [243 P.2d 46]) is to be determined as of a definite date of valuation.

■ While section 1249 specifies dates for determining actual value, these dates need be used only in the absence of a binding stipulation otherwise between the parties. The use of such a stipulation is an expeditious way of resolving valuation date problems, as has been recognized. (*People* v. *Murata* (1960) 55 Cal.2d 1, 4-5 [9 Cal.Rptr. 601, 357 P.2d 833].) ■ Here, the parties stipulated the date of value was October 17, 1969; appellants have never requested to be relieved from their pact; they are bound by it. (*Leonard* v. *City of Los Angeles* (1973) 31 Cal.App.3d 473, 478 [107 Cal.Rptr. 378]; *Warburton* v. *Kieferle* (1955) 135 Cal.App.2d 278, 286-287 [287 P.2d 1].) Appellants make no contention to the contrary, but argue that evidence, based upon a so-called "date of condition," should have been admitted. Appellants cite no authorities for this contention and, indeed, admit they have found none; nor have we.

Evidence Code section 814, dealing with expert opinions in condemnation cases, states in part: "The opinion of a witness as to the value of property is limited to such an opinion as is based on matter . . . of a type that reasonably may be relied upon by an expert in forming an opinion as to the value of property and which a willing purchaser and a willing seller, dealing with each other in the open market and with a full knowledge of all the uses and purposes for which the property is reasonably adaptable and available, would take into consideration in determining the price . . . ." The classical definition of market value is stated in *Sacramento etc. R. R. Co.* v. *Heilbron* (1909) 156 Cal. 408, 409 [104 P. 979] thus: ". . . the measure of this damage is the market value; that is to say, the highest price estimated in terms of money which

the land would bring if exposed for sale in the open market, with reasonable time allowed in which to find a purchaser, buying with knowledge of all of the uses and purposes to which it was adapted and for which it was capable."

Applying these rules to appellants' contention would mean that experts, in stating opinions as to fair market value in the "before" condition, should be permitted to ignore conditions which a willing buyer would consider on the stipulated date of value and substitute therefor fictitious conditions existing nearly two years beforehand, even though a willing buyer would not consider such earlier conditions as pertinent to his purchase. This same fiction must, of necessity, then be carried forward in evaluating the "after" condition of the property, even though it is contradicted by the facts.

Appellants argue that no rule of law prevents determination of a highest-and-best use on an earlier, so-called "date of condition" and employment of a different date to determine value. As so stated, appellants may be correct, but when we consider that the earlier date is worthless without a determination of value for that use, we reach the inevitable conclusion that we would be talking about two dates of value. That we cannot condone.

Under the compulsion of rulings by our California Supreme Court,[5] we award costs of appeal to appellants.

The judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.

---

[5]See Minute Order of California Supreme Court dated June 20, 1973, regarding *Pacific Gas & Electric Co.* v. *Parachini* (1972) 29 Cal.App.3d 159 [105 Cal.Rptr. 477].